In re the MARRIAGE OF Sally Sue THOMPSON and Gerald Ronald Thompson.

Sally Sue Thompson (Cooley), Petitioner-Appellant,

and

Gerald Ronald Thompson, Respondent.

No. 13426.

Missouri Court of Appeals, Southern District, Division Three.

Nov. 27, 1984.

Rehearing Denied Dec. 19, 1984.

John D. Beger, Price & Beger, Salem, for petitioner-appellant.

Cynthia ·O. MacPherson, Mountain Grove, for respondent.

PER CURIAM.

The parties' marriage was dissolved on February 8, 1982, and appellant-mother received custody of the child born of the marriage, James Dale Thompson, then twelve. Respondent-father received "reasonable visitation" with James. No child support was ordered. On September 9, 1982, respondent-father filed a motion to modify the dissolution decree, requesting custody of James. Appellant filed a motion to modify the decree, asking the court to order child support and to "enter specific orders concerning the times and dates of visitation of said child". Following a hearing, principal custody of James was granted to the father, and the mother's motion was denied. She appeals.

Certain general principles are applicable in our review. When custody has once been adjudicated, it is presumed that the custodian remains suitable and the burden of proving a change of circumstances sufficient to call for a change of custody is on the party seeking a change. *In re Marriage of Britton,* 574 S.W.2d 475, 476 (Mo.

App.1978). Custody should be transferred only where the change of circumstances and conditions requires it for the welfare of the child. Id.

■ The change in circumstances must be such as to give definite promise that the custody change will substantially benefit the child. *Schmidt v. Schmidt*, 591 S.W.2d 260, 262 (Mo.App.1979).

The trial court determined that the changes which justified the transfer of custody were:

"1. Petitioner has moved and taken the minor child with her.

2. The minor child is now one and one-half (1½) years older.

3. Petitioner has interferred substantially with Respondent's visitation privileges."

■ The move was from Eminence to Mountain View, a distance of approximately 35 miles. The father contends that this move prevented him from seeing his son daily, and that the boy was hampered by being placed in a new school system and removed from his friends and boy scout troop. The father acknowledges that appellant has been a good mother.

When a much greater move outside the jurisdiction does not mandate change of custody, we do not see how this change would do so. See *Hahn v. Hahn*, 569 S.W.2d 775, 777 (Mo.App.1978). See also *In re Marriage of Bard*, 603 S.W.2d 108 (Mo.App.1980). The stability of his continuing to live with the same parent and not being a pawn in their disputes convinces us that the move was an insufficient reason for a change.

■ Nor do we think his being a year and one-half older is a sufficient basis for a change even combined with the move. Both were slight in the overall picture. That children have grown older in and of itself is not a sufficient change of condition to warrant a change of custody. *Engler v. Engler*, 455 S.W.2d 36, 41 (Mo.App.1970).

■ The dissolution decree granted respondent "reasonable visitation". The "in-terference" with those rights occurred because appellant claimed that respondent had been intoxicated when he had brought their son back to her home and when he had come to take him from her premises. Thereafter, she refused to allow the boy to be taken from the property where she and her present husband lived. Respondent admitted he had been drinking on those occasions, but denied that he was intoxicated.

What is reasonable visitation is subject to such varied opinion and interpretation that it often has little meaning. There was no indication that appellant's restrictions were made for any purpose other than the best interest of the child and if respondent did not like the conditions imposed he could have petitioned the court for more specific visitation or custody rights. We do not see this as any basis for a change in principal custody. Nor do the three reasons combined add up to the necessary change. They are so minor that they do not indicate that a transfer in custody is desirable.

■ The boy testified that he preferred to live with his father, but that does not justify the change. That the child wants to live with a certain parent is not a sufficient basis for the award of custody to that parent. *Engler v. Engler*, supra, 455 S.W.2d at 41. See also Comment, Removal And The Child's Best Interests In Change of Custody Disputes. 47 Mo.L.Rev. 140 (1982). The modification of a custody order should not turn upon the temporary whims or desires of a child. *J. v. E.*, 417 S.W.2d 199, 204 (Mo.App.1967).

■ If a child involved is of such sufficient age to form and express an intelligent preference as to custody, he should be permitted to do so, and the court should consider that preference along with other facts and circumstances before it; but that preference should be followed only if the welfare and interest of the child, as determined by all of the evidence, are consistent with that preference. *Kanady v. Kanady*, 527 S.W.2d 704, 707 (Mo.App.1975).

■ In considering the wishes of the child it is important to ascertain and evalu-

ate the basis for these wishes in order to place this element in its proper perspective in deciding what is in the best interest of the child. *In re Marriage of Campbell,* 599 S.W.2d 256, 258 (Mo.App.1980).

It is apparent that the father normally saw the boy under the best of circumstances when they went fishing, camping, or did other enjoyable things. The mother has been in the position of disciplining him and making the important decisions as to raising him. It is easy to see why he wants to live with his father.

Letting the child's wishes be a determining factor encourages the parents to influence that preference and to file motions to modify which upset the parties' relationship with the child and the child's stability, even if the motions are unsuccessful. There may be a practical difficulty if a child, at an age when he is difficult to control, refuses to live with one parent, but that is not the present situation. If changes of custody are only made where absolutely required, then we reduce the reasons for the noncustodial parent to attempt to influence the child. Knowing that custody is rarely changed, the parent would be more inclined to encourage the child to make the best of his current environment. By allowing custody to turn upon the easily influenced whim of a child, we are not doing the child, the parents, or the judicial system any favor.

The evidence falls short of establishing that there are sufficient changed circumstances which show that the welfare of the child requires the change of custody. The evidence does not give definite promise that the father having custody will substantially benefit the child. As James is apparently now in his father's custody and in school at Eminence, we are reluctant to create another change, but we are obligated to follow the law and set precedent for future cases.

The order granting custody to respondent-father is reversed and the cause is remanded to the trial court for further proceedings on appellant-mother's motion for modification.

All concur.