**In re Randall Robert BETTERTON, Appellant,**

**v.**

**Wanda Kay BETTERTON (Johnson), Respondent.**

**No. WD 39861.**

Missouri Court of Appeals, Western District.

May 24, 1988.

Rehearing Denied June 28, 1988.

Steven Wolcott, Gladstone, for appellant.

Kenneth C. Hensley, Independence, for respondent.

Before KENNEDY, C.J., and MANFORD and BERREY, JJ.

BERREY, Judge.

Appeal from an order modifying a dissolution decree transferring custody of a minor child, Phillip Rell Betterton from his father, appellant Randall Robert Betterton, to his mother, respondent Wanda Kay Betterton (Johnson). Appellant alleges that the trial court erred in finding that a change of circumstances had occurred and that modification was necessary to serve the best interests of the child. Further, appellant argues that it was an abuse of discretion for the court to grant permission for removal of the child from Missouri to Massachusetts.

Wanda and Randall Betterton were granted a Decree of Dissolution of Marriage in November, 1983. Custody of Phillip, the child born of the marriage on April 15, 1982, was given to Randall pursuant to a separation agreement which recommended custody to be placed with the father. At that time, Wanda felt that she was both financially and physically incapable of taking care of Phillip.

Wanda and Randall both remarried after their divorce. Randall married Sharon Mahurin on March 29, 1984. She brought her three children from previous marriages with her into the household. In addition, two children were born to Sharon and Randall. Wanda married Jeffrey Allen Johnson on March 25, 1985. After the marriage they moved to Massachusetts. In order to gain extended visitation with Phillip, Wanda filed a motion to modify the existing decree. After a hearing in October, 1985, the court granted Wanda extended visitation periods for the purpose of taking the child to Massachusetts. After Phillip's visitation in summer 1986, Wanda moved back to Missouri to be near her son and in March, 1987, she again filed a motion to modify, this time seeking custody of Phillip. Trial on the matter was held August 12, 1987. The trial court granted custody to Wanda, finding a substantial and continuing change of circumstances and that the change of custody was in the best interests of the child. The court also granted permission for Wanda to move Phillip from Missouri to Massachusetts.

There is no inflexible and precise formula to follow in order to determine what should be the outcome in a custody case. Each case must be examined in light of its own unique set of facts and circumstances. *J— A—F— v. P—J—F—*, 552 S.W.2d 739 (Mo. App.1977). Upon review, the decision of the trial court must be sustained unless there is not substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976); *In Re Marriage of Scobee*, 667 S.W.2d 467, 468 (Mo.App.1984). In the instant case it is evident that there was not substantial evidence upon which the trial court could base its ruling that a change in circumstances had occurred necessitating a transfer of the custody of Philip to Wanda as serving his best interest. The trial court simply did not meet the condition precedent outlined by § 452.410, RSMo 1986, which must be fulfilled before such a transfer may be ordered by the court.

An original decree of divorce and any modification of that decree properly made is final and binding as to the rights of the parties to custody of minor children and it cannot be disturbed unless there is a proceeding for that purpose. *Kipper v. Vokolek*, 546 S.W.2d 521 (Mo.App.1977). A prior custody decree may only be modified, "upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree." § 452.410, RSMo 1986. The court must find, "that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child." *Id.; See also Friend v. Jackson*, 714 S.W.2d 953, 955 (Mo.App.1986).

The trial court found a substantial and continuing change in circumstances had occurred relying on the following factors:

(a) that the respondent has now remarried and has a more stable personal life;

(b) that the respondent has now re-established extensive visitation with the child, Philip [sic] Rell Betterton, and has nurtured a closer relationship with the child;

(c) that the child is now older and more capable of expressing his own ideas about his upbringing;

(d) that the petitioner has now remarried and has additional family members living in his household at 2506 Drury, and said petitioner has substantially increased his family responsibilities in addition to his responsibilities for the care and upbringing of Philip [sic] Rell Betterton;

None of these items alone justify a finding of changed circumstances, nor do they add up to support that finding. The first two items on the list are changes dealing with Wanda's circumstances. The change in circumstances required by § 452.410, RSMo 1986, must relate to the child or his custodian. The remarriage of a non-custodial parent is not alone enough to support a finding of changed circumstances. *Korn v. Korn*, 584 S.W.2d 179 (Mo. App.1979). Wanda's circumstances are relevant only to a determination of whether her home was an acceptable place for Phillip to live, and not as the evidence needed for modification. *In re Marriage of Scobee, supra*, 667 S.W.2d at 469. The court also points out that Phillip is now older and more capable of expressing his own ideas about his upbringing. At the time of the hearing in August, 1987, Phillip was approximately five and one-half years of age. There is no direct evidence in the record of Phillip's wishes as he was not called upon to testify nor was he otherwise heard from during the proceeding. Thus using his increased age as a basis for finding a change in circumstances is puzzling at the very least. That a child has grown older is not, in and of itself, a sufficient change of condition to warrant a custody change. *In re Marriage of Thompson*, 682 S.W.2d 849 (Mo.App.1984). In any event, the preference of a child of tender years is entitled to scant, if any, weight in a modification proceeding. *In re Marriage of Scobee, supra*, 667 S.W.2d at 469.

Finally, the trial court points to the "substantially increased" family responsibilities that Randall has undertaken since the original action. It is quite true that Randall has remarried and that Phillip is part of a large household. Randall and his present wife, Sharon, have six children to care for between them. The youngest of the children born to Randall and Sharon, Terry Betterton, has severe medical problems. Randall works nights as a warehouseman, Sharon babysits for seven additional children to supplement the family income. There has also been some concern about a persistent and annoying head lice problem that is afflicting Phillip but was attended to by Randall.

There were no allegations of abuse or neglect in this case. Both Wanda and Randall testified that they believed the other to be a fit and proper parent.[1] Phillip was doing extraordinarily well with his father. He had been enrolled in Head Start, a program designed to prepare children for elementary school. His progress in the program was evaluated as excellent. His physical condition, ascertained by a complete physical at the time he started the Head Start program, was described as excellent both in health and development, with the presence of head lice as the only abnormality.

There is much value in allowing children to remain with the parent who has had custody over a long period of time as against uprooting them to resettle them elsewhere. *Schmidt v. Schmidt*, 591 S.W.2d 260, 262 (Mo.App.1979). It is also a requirement that, "[t]he change in circumstances must be such as to give definite promise that the custody change will substantially benefit the child." *In re Marriage of Thompson, supra*, 682 S.W.2d at 851. It would be difficult to see how the change here would be of substantial benefit to Phillip. He is a little boy that any parent would be proud to claim. By all accounts Phillip is an intelligent, healthy child who is well established in his family, his neighborhood and his community.

They are commended for their openness and obvious love for Phillip. Their understanding should serve as an example to all those involved in such unfortunate litigation.

---

1. At oral argument both Wanda and Randall appeared. The attorney for each complimented the parties on their attitudes and their desire to do what was in the best interest of Phillip.

Change is a part of life. Families expand and children grow up. Not every change in the life of a child or his custodian is enough to trigger a modification of custody. This is made very clear by § 452.410, RSMo 1986, which specifies that the court shall not modify a decree unless, "a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child." This is clearly not the case. Accordingly, as there is no substantial evidence to support the judgment of the trial court, the order of modification is reversed.

All concur.