In re the MARRIAGE OF
D.L.(B.)M., Petitioner,

and

G.E.B., Respondent–Appellant.

No. 15986.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 29, 1990.

---

No appearance, for petitioner.

Wayne Gifford, Waynesville, for respondent-appellant.

PER CURIAM.

This appeal is from a judgment of the Circuit Court of Pulaski County, Missouri (motion court), that modified the custody provisions of a prior Christian County, Kentucky (trial court), dissolution decree. The Kentucky decree entered August 15, 1978, dissolved the marriage of G.E.B. (father) and D.L.(B.), now M., (mother), and awarded custody of the three minor children of the parties, who at that time were three years, one year, and four months old, to the father. The mother was awarded reasonable visitation rights.

On September 22, 1988, the motion court, after hearing, based upon its finding that there had been changes in the circumstances of the children and the parties since the date of the original custody award which necessitated a change of custody, placed custody of the three children jointly in the father and mother, awarded the mother actual physical care and custody of the children, ordered the father to pay $225 per month as child support, granted the father specific visitation rights, and dismissed the father's request that the mother be required to contribute to the support of the children.

The father appeals from the motion court's order transferring actual physical care and custody of the children to the mother.[1] He contends that such order was error because the mother did not prove a change of circumstances that would justify such an order. We agree, and reverse.

■ Section 452.410, RSMo, 1986, V.A.M.S., provides as follows:

The court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.450 and it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. Notwithstanding any other provision of this section or sections 452.-375 and 452.400, any custody order entered by any court in this state or any other state prior to August 13, 1984, may, subject to jurisdictional requirements, be modified to allow for joint custody in accordance with section 452.375, without any further showing.

The change required by this statute must relate to a change in circumstances of the children or of their custodian, not the non-custodial parent. *Betterton v. Betterton*, 752 S.W.2d 417, 419 (Mo.App.1988). When custody has been once adjudicated, it is presumed that the custodian remains suitable and the burden of proving a change of circumstances justifying a change of custody is on the party seeking the change. *In re Marriage of Harris*, 734 S.W.2d 304, 305 (Mo.App.1987). This rule of law is only common sense, as there is value in allowing children to remain with the parent who has had custody of them over a long period of time, as against uprooting them to resettle elsewhere. *Friend v. Jackson*, 714 S.W.2d 953, 955 (Mo.App.1986). Even if there is some showing at a modification hearing that a change of circumstances has oc-

1. The father raises other points on appeal which we need not address, due to our disposition of the father's appeal on the ground stated.

curred, such change must be significant before a child custody decree may be modified. *Ferguson v. Wilke,* 713 S.W.2d 611, 614 (Mo.App.1986).

■ Keeping these legal precepts in mind, we review the allegations of the mother's motion to modify, the evidence concerning those allegations, and the motion court's findings and conclusions on those issues. Aside from her allegations that she has remarried and can provide a suitable place for the children to live and be raised, and that she would be a better parent than the father by being better able to provide proper training, education, supervision and household living conditions, which allegations are totally irrelevant to the question of a change of conditions, the mother's amended petition alleged as changes of circumstances the following:

(1) The father had denied her visitation rights and had tried to poison the children's minds against her.

(2) The father does not have a clean, wholesome place for the children to live.

(3) The children have been beaten by the father and stepmother beyond reasonable limits of punishment.

(4) The father has negligently failed to provide proper medical treatment for the children.

(5) The children have educational and social problems in school which the father has failed to correct or assist in correcting.

(6) The father and stepmother have failed to properly deal with the adolescence and puberty phases of the youngest child, who is a girl.

(7) The father has failed to monitor, correct, supervise and discipline the children.

At the hearing on the motion to modify, the only evidence presented was that offered by the mother and the guardian ad litem. The father presented no evidence, apparently relying on his theory that the mother had not proved a change in his circumstances or the circumstances of the children since the time of the original decree and, therefore, there was no way the motion court could legally hold that a change of circumstances had occurred.

After the hearing, the motion court made findings of fact and conclusions of law. In those findings and conclusions, the motion court found that there had been a substantial change in the circumstances of the "parties" and of the children so as to make the terms of the original decree unreasonable, and that such change in circumstances necessitated a change in custody. Some of the changes found by the motion court were the remarriage of the mother and her maintenance of a clean and wholesome home, the fact that she insists on a high standard of cleanliness for the children, and that the school district in which she resides "would better the learning capabilities and socialization" of the children, that the mother and her family play with the children, that the mother taught them table manners, and helped them with their homework when they were visiting in her home. Those facts and circumstances found by the motion court, even if supported by evidence, are irrelevant to the issue at hand, which is, whether the circumstances of the father custodian and the children changed for the worse since the date of the Kentucky decree to such an extent that a change of their custodian is mandated so as to protect their best interest.

The only findings of the motion court having any legitimate bearing on the issue of custody are its findings that the children, while in the father's custody, are not kept clean, that the children's educational learning difficulties and socialization problems have not adequately been addressed by the father, that the children have bad table manners, and that the father had not discovered that the little girl had a health problem resulting from a foreign object in her vagina, and only through intervention of the mother was the problem solved.

We have examined the entire record, and based on that record make the following observations. The facts of the case are as follows. On August 15, 1978, the date of the original decree, the father was a soldier in the United States Army, and was stationed in Fort Campbell, Kentucky. The mother abandoned the father and their three young children, the youngest of

whom was less than four months old, and came to Missouri. In the eight years between the date of the original decree and the date she filed the motion to modify, the mother had engaged in sexual liaisons with a number of men. Four more marriages resulted from these encounters, as well as a child being born out of wedlock. She had only been married six months to her fifth and current husband at the time she filed her motion to modify.

By contrast, the father was forced to obtain an honorable hardship discharge from the Army in order to care for his children. There was no evidence concerning the home they lived in at that time, or what their circumstances were. It is common sense to infer, with no mother and a father custodian who had been forced by the circumstances to give up his job because he had no family nearby to help him, that the conditions were less than ideal for the three little children and their father. The father and the children moved to the St. Louis, Missouri, area, which had been the father's home prior to entering the service, so that the father's mother could help care for the children. The father got a job, and has been steadily employed ever since. In 1981, the father married E.B. This union produced three children. In January of 1985, the father, his wife, and the six children moved to Moscow Mills, Missouri, which is in the Troy, Missouri school district. The three children in question were attending the public schools there. E.B. is a full-time housewife, and the father, contrary to his prior employment, works days so that he can be with the family at night. There is nothing in the record to indicate that from the time of the entry of the original decree to the time of the hearing that any court, or any administrative agency, ever found that the children were abused or neglected. A home study of the father's home ordered by the motion court did not contain anything detrimental to continued custody in the father. No witness other than the person from Family Services who did the home study or the children had ever been in the home in Moscow Mills, where the children had lived for three years at the time of the

hearing. There was nothing in their testimony that could even remotely be considered as a ground for change of custody. The children did not see any real difference in the way they were treated in the home of the father or the home of the mother, and they had no real complaints.

In short, if there was any substantial evidence of a change in circumstances of the children from the time of the original decree until the time of the hearing, it is a change for the better, not worse. This being the case, it is unnecessary to discuss each specific finding made by the motion court on the change of circumstances issue. It suffices to say that the greater weight of the credible evidence in the case establishes that the father, after the mother abandoned the family, against incredible odds, kept his family together as a unit, cared for them and nursed their hurts, and did his best to provide for their needs. The mother, in contrast, ignored them, offered no help in raising them, contributed nothing to their support, and rarely exercised her visitation rights. She made no legal effort to obtain joint or primary custody, or to enforce her visitation rights for over eight years. She avoided the burdens of caring for the children when they were little, and now wants to enjoy the blessings of them when they are almost grown.

The judgment of the motion court on the issue of transfer of custody is not supported by substantial evidence and is against the greater weight of the evidence. For that reason, not only is that portion of the judgment ordered reversed, but also those portions of the judgment dismissing the father's motion requesting an allocation of child support to be paid by the mother, decreeing the father's visitation rights, and ordering him to pay child support and all other orders in the judgment that are inescapably intertwined with the transfer of custody order.

The judgment of the trial court is reversed, and the cause is remanded with directions to the court below to conduct a hearing on the father's motion for child support, and such other matters as may be

pertinent to the issues involved, consistent with this opinion.

All concur.