Tammy Denise SMITH (Weatherford), Petitioner–Respondent,

v.

Anthony Lee SMITH, Respondent–Appellant.

No. 17785.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 26, 1992.

Frederick W. Martin, III, West Plains, for petitioner-respondent.

David G. Neal, David G. Neal Law Firm, Eminence, for respondent-appellant.

PREWITT, Judge.

The marriage of the parties was dissolved in 1985 and respondent Tammy Denise Smith was granted primary physical custody of the two children born of the marriage. Thereafter, appellant by motion sought modification of the decree to grant him custody of the children. Respondent then sought additional child support.

After hearing, the trial court denied appellant's motion for custody and increased appellant's child support obligations. Appellant contends the trial court erred in not granting him custody, in not allowing him to call as a witness respondent's former attorney, in raising the child support and in not granting him attorney's fees.

■ Review is under Rule 73.01. It requires that we affirm the trial court's order unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or erroneously applies the law. *In re Marriage of Goostree*, 790 S.W.2d 266, 267 (Mo.App.1990). Setting aside a custody award on the ground that it is against the weight of the evidence must be exercised with caution and with a firm belief that the decree is wrong. *Id.* We should not disturb the trial court's finding regarding custody unless it is manifestly erroneous and the welfare of the child requires some other disposition. *Id.* The principal concern is the best interests of the child. *Id.* at 268.

As no findings of fact were requested or made, all fact issues shall be considered as having been found in accordance with the

result reached. Rule 73.01(a)(2). Due regard is given to the opportunity of the trial judge to determine the credibility of witnesses. Rule 73.01(c)(2); *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App. 1990).

Section 452.410, RSMo Supp.1991 states:

Custody, decree, modification of, when.—

1. Except as provided in subsection 2 of this section, the court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.450 and it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. Notwithstanding any other provision of this section or sections 452.375 and 452.-400, any custody order entered by any court in this state or any other state prior to August 13, 1984, may, subject to jurisdictional requirements, be modified to allow for joint custody in accordance with section 452.375, without any further showing.

■ To prevail on a motion to modify custody, the moving party must show a change of circumstances of the child or of the custodial parent, not the non-custodial parent, which is significant, directly affecting the welfare of the child. *In re Marriage of Carter*, 794 S.W.2d 321, 324 (Mo. App.1990). Once custody is adjudicated, the presumption is the custodial parent remains suitable and the burden of showing circumstances which warrant a change of custody is on the moving party. *In re Marriage of D.L.(B.)M.*, 783 S.W.2d 473, 474 (Mo.App.1990).

Except for good reason, a child should not be shifted periodically from one home to another, unless it is demonstrated by a preponderance of the evidence that the continued well-being of the child requires a change. *Carter*, 794 S.W.2d at 324. Even though there may be some showing of a change in circumstances, the change must be significant before the custody decree should be modified. *D.L.(B.)M.*, 783 S.W.2d at 474–475.

■ The trial court has considerable discretion in determining custody and appellate courts only interfere when they are firmly convinced that the result is wrong. *In re Marriage of Griggs*, 707 S.W.2d 488, 491 (Mo.App.1986). The trial judge can view and hear the people involved and is in a better position to look at all the facts bearing on the best interests of the children. *Id.*

In making provision for child custody the trial court has broad discretion, and this court will not interfere unless the welfare of the children requires it. *Jobe v. Jobe*, 708 S.W.2d 322, 328 (Mo.App.1986). It has even been said that an appellate court must accord greater deference to the trial court where custody of children is involved. *Aston v. Aston*, 810 S.W.2d 720, 721 (Mo. App.1991).

Appellant contends the trial court erred in not granting his request for custody of his children for several reasons. Appellant states "the overwhelming weight of the evidence proved" that respondent took the children out of state without court approval resulting in a loss to his visitation, denied him visits after she returned to Missouri, implemented a plan to turn the children against him, and instructed the children to choose whether visits by him would occur.

■ Respondent counters that the trial court did not err because the weight of the evidence established there was no change of circumstances that required modification for the best interest of the children "in that the residence of the children was removed from Missouri only temporarily, respondent did not deny appellant his rights of visitation or alienate the children against him, and the children are doing well in their present circumstances."

Respondent testified she moved from Missouri thinking she could do so because she had filed a motion for leave to move with the children and appellant had agreed that she could take them from the state. She said that since returning to Missouri

she allowed appellant proper visitation. Respondent also testified that the children are doing well in school, are healthy and have made many friends in their present neighborhood and school. Respondent denied that she had taken any action to alienate them from their father. With the deference this court must give, we cannot say that the trial court's determination regarding custody was erroneous. This point is denied.

For his second point appellant contends the trial court erred when it did not permit him to call respondent's prior attorney on the grounds that it would violate the attorney-client privilege "because she had waived the privilege when she testified she left the state with her children without prior court approval only because her attorney said she could". This testimony was elicited on cross-examination.

 For a party to waive a confidential privilege such as that of attorney-client the waiver must be voluntary which does not occur when it is extorted under cross-examination. *State ex rel. DeGraffenreid v. Keet,* 619 S.W.2d 873, 878 (Mo.App.1981). See also *State ex rel. Hayter v. Griffin,* 785 S.W.2d 590, 594 (Mo.App.1990).

Appellant's reliance upon *Knight v. M.H. Siegfried Real Estate, Inc.,* 647 S.W.2d 811 (Mo.App.1982), does not aid him in this situation. *Knight* recognized the general rule that testimony solicited from a client on cross-examination is not voluntary and would not waive the privilege but found circumstances there making this rule inapplicable. The court stated 647 S.W.2d at 816:

> The client's agent who here voluntarily testified, albeit on direct examination by

the adverse party, concerning communications between himself and his former attorney, was himself an attorney with forty years' experience. Knight's questions, which elicited the responses constituting a waiver, were general and did not compel an answer that would disclose privileged communications. Both of the areas in which the trial court permitted inquiry of the former attorney were areas in which Siegfried had already related by nonresponsive answers the substance of the attorney's conversations.

None of the above-quoted circumstances were present here. There was no voluntary waiver of the attorney-client privilege. Point two is denied.

For his third point appellant contends that the trial court erred in setting the child support "because it failed to reduce the amount set by Civil Procedure Form No. 14 to account for the support Anthony furnishes his other child, and it failed to consider the effect of Anthony's new requirement that he provide medical insurance for the children as well as most of the other medical and dental costs, which obviates the need for that portion of the regular support amount previously allocated to the medical needs of the children which, if not taken from the support award, is an unjustified windfall for Tammy and an undue burden for Anthony."

Rule 88.01 requires that certain factors be considered in determining child support. It provides for a rebuttable presumption that the amount of child support calculated by Civil Procedure Form No. 14 is the proper amount of child support. This rule is set forth marginally.[1]

---

1. **RULE 88.01 PRESUMED CHILD SUPPORT AMOUNT**

When determining the amount of child support to order, a court or administrative agency shall consider all relevant factors, including:

(a) the financial resources and needs of the child;

(b) the financial resources and needs of the parents;

(c) the standard of living the child would have enjoyed had the marriage not been dissolved;

(d) the physical and emotional condition of the child; and

(e) the educational needs of the child. There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial or administrative proceeding for dissolution of marriage, legal separation, or child support. It is sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is correct if the court or administrative agency enters in the case a written finding or a specific finding on the record that the amount so calcu-

Departing from the amount calculated by that form requires that the trial court make a specific finding that such amount is inappropriate. *Beeman v. Beeman*, 816 S.W.2d 15, 17 (Mo.App.1991).

Appellant contends that the trial court erred in failing to follow the part of the comments following Form 14 "Presumed Child Support Amount". The first comment referred to states:

"Consideration should be given for direct and unreimbursed support provided to a child not the subject of this case, but who is in the custody of one of the parties."

Appellant also says the court did not follow part of the comments saying that health insurance coverage are not included in the calculation of the child support amount on the worksheet, line 8. It concludes:

"(A) Health insurance coverage. For each child support order, consideration should be given to provision of adequate health insurance coverage for the child. See section 452.353, RSMo. [RSMo Supp. 1991]"

In calculating the amount due on Form 14, appellant altered line 2a. In the form that line states:

"2. Adjustments:

a. Other court or administratively ordered child support payments being made"

Appellant struck "court or administratively ordered" and inserted $295 apparently for a child who was born of his subsequent marriage. He also added a line 8 "Deduction for insurance provided" and put a minus $18.63, and inserted a line 9 "Deduction for additional child in Petitioner's home" and put a minus $50.

There is no basis for deducting the $295 as it was not a court or administratively ordered payment. Although an additional child in the custody of one of the parties is to be given consideration, both parties had an additional child and there is no indication that this was not considered by the court.

lated, after consideration of all relevant factors,

Appellant has elected a "dependent insurance deduction" at his job in order to provide coverage for his wife. The cost of this coverage is the same whether the coverage is for one dependent or many. Under these circumstances, appellant pays nothing additional to provide health insurance for his children.

The amount of child support is presumed to be that calculated by Form 14 and no error in calculating the amount has been demonstrated. This point is denied.

Appellant's remaining point asserts that the trial erred in not awarding him attorney fees because "the overwhelming weight of the evidence" showed that respondent interfered with his rights of visitation and intentionally interfered with the progress of the case by obtaining five continuances and refusing to comply with discovery.

It was not established that respondent's conduct or the facts were such that attorney's fees were compelled. To show an abuse of discretion of the trial court in denying attorney fees, the complaining party has the burden to show that the order is against the logic of the circumstances and is arbitrary and unreasonable. *Mistler v. Mistler*, 816 S.W.2d 241, 256 (Mo.App. 1991). We are not convinced that the discretion was abused.

The judgment is affirmed.

FLANIGAN, C.J., and MAUS, J., concur.

is unjust or inappropriate.