Rodney W. SHOCKEY, Appellant,

v.

Sonya L. CURTIS, Respondent.

No. 21920.

Missouri Court of Appeals,
Southern District,
Division Two.

June 10, 1998.

Todd F. Thorn, West Plains, for Appellant.

Lane H. Strother, The Strother Firm, P.A., Mountain Home, AR, for Respondent.

PARRISH, Presiding Judge.

Rodney W. Shockey (father) appeals a judgment modifying child custody provisions in a dissolution of marriage judgment. The trial court changed custody of the parties' child from father to Sonya L. (Shockey) Curtis (mother). Father asserts there was no showing of a change in his circumstances or the child's circumstances that adversely affected her welfare so that a change of custody was warranted. This court agrees. The judgment modifying the dissolution judgment is reversed.

Mother and father's marriage was dissolved April 24, 1996, by judgment of the Circuit Court of Ozark County, Missouri. The parties have one child, Andrea Michelle Shockey,[1] born June 4, 1993. The dissolution

---

1. The dissolution judgment recites the child's first name as "Andurea." The pleadings that are copied in the legal file and the briefs filed in this court state her name as "Andrea." She is referred to in this opinion as "Andrea."

judgment placed "physical care, custody and control" of Andrea "with [father], subject to visitation by [mother]." The "visitation" terms were set out in detail in an attachment made part of the judgment by incorporation by reference.

Mother filed her motion to modify the dissolution judgment March 3, 1997. It was denominated "Respondent's Petition for Change of Custody." The motion alleged:

1. That there has been a change of circumstances since the Court originally entered the *Amended Findings, Orders And Judgment Of Dissolution Of Marriage* on April 24, 1996.

2. That RODNEY W. SHOCKEY has remarried. His new wife, ANNETTE SHOCKEY, has three (3) minor children. The three children live with Mr. Shockey and his new wife. The parties [sic] minor child, ANDREA MICHELLE SHOCKEY, lives with Mr. Shockey and his new wife. That Mr. Shockey has another minor daughter by a previous relationship and it is [mother's] belief that this child is also living with Mr. Shockey and his new wife. If so, this would make five (5) children under the age of 7 years living with Mr. Shockey and his wife.

3. [Mother] herein has also remarried and has no children living with her and her new husband. [Mother] has the time and ability to devote her attention and care to her daughter, ANDREA MICHELLE SHOCKEY.

. . .

The remainder of mother's motion to modify alleged that father had been represented by the person who was guardian ad litem in the dissolution action sometime before the guardian's involvement in the dissolution case; that father had failed to pay child support based on an adult abuse order mother obtained prior to the time the dissolution judgment was entered; that the "presumed child support amount calculation worksheet" father filed in the dissolution action did not include all of his income.

Father's points on appeal assert that mother's motion to modify failed to plead a claim upon which relief could be granted, that it did not plead facts that amounted to a change of circumstances that would permit modification of the prior dissolution judgment (Point II); and that the modification of the dissolution judgment was not supported by substantial evidence, was against the weight of the evidence and erroneously declared the law (Point I).

Point I asserts three bases for its claims: (1) there was no evidence that a significant change of circumstances had occurred with respect to father, the custodial parent, or the child; (2) the trial court erred in finding a change of circumstances based on the increased size of father's family; and (3) there was no evidence of any adverse or significant effect on the child as a result of father's present circumstances.

To prevail on a motion to modify custody, the moving party must show a change of circumstances of the child or of the custodial parent, not the non-custodial parent, which is significant, directly affecting the welfare of the child. *In re Marriage of Carter,* 794 S.W.2d 321, 324 (Mo.App.1990). Once custody is adjudicated, the presumption is the custodial parent remains suitable and the burden of showing circumstances which warrant a change of custody is on the moving party. *In re Marriage of D.L.(B.)M.,* 783 S.W.2d 473, 474 (Mo.App. 1990).

*Smith v. Smith,* 839 S.W.2d 382, 384 (Mo. App.1992).

Paragraph 3 of mother's motion to modify asserts changes she, the noncustodial parent, experienced since the dissolution judgment was entered. Circumstances that warrant modification of custody are changes relating to the custodial parent or the child. § 452.410.1, RSMo 1994.

The superior ability of the noncustodial parent to provide for the children is a consideration in determining the best interests of the children, *Lisec v. Coy,* 793 S.W.2d 173, 177 (Mo.App.1990) (holding that a noncustodial parent's ability to pro-

vide a stable and comfortable home is not a change in circumstances of the child or custodial parent; however, it is a significant factor in determining how a child's best interest may be met), which issue is not reached, unless and until a substantial and continuing change in circumstances is first found. *Guier [v. Guier]*, 918 S.W.2d [940] at 947 [ (Mo.App.1996) ]; *Sumnicht [v. Sackman]*, 906 S.W.2d [725] at 727 [ (Mo.App.1995) ].

*McCreary v. McCreary*, 954 S.W.2d 433, 440 (Mo.App.1997).

■ Changes in mother's circumstances would be relevant only if there had been a significant change of circumstances of father or Andrea that warrant change of custody. The change of circumstances of father and Andrea that mother asserted were that father had remarried; that his present wife had three children, all of whom lived in father's present home. Mother also asserted that father had another child who she believed lived in the same home.

The evidence at trial confirmed mother's allegations with respect to the size of father's household. In addition to father, his present wife and Andrea, four other children lived in his home—his wife's three children and his other child. There was no allegation or evidence, however, of neglect or abuse of Andrea.

Father's brief calls attention to *Betterton v. Betterton*, 752 S.W.2d 417 (Mo.App.1988). In *Betterton* the noncustodial spouse alleged that a substantial increase in the custodial spouse's family responsibilities was a change of circumstance. The noncustodial spouse alleged that her former husband had remarried and had additional family members living in his household; that he had "substantially increased his family responsibilities in addition to his responsibilities for the care and upbringing of [the parties child]." *Id.* at 419. In *Betterton*, as in this case, there was no allegation of neglect or abuse of the child who was the subject of the motion to modify.

*Betterton* involved a family of six children, a household of eight persons. The trial court found that the increased family responsibility

of the custodial parent was a change of circumstance and modified the custody award. The judgment of modification was reversed. In reversing the change of custody, the court observed that the child was doing well. It noted, "It is also a requirement that, '[t]he change in circumstances must be such as to give definite promise that the custody change will substantially benefit the child.'" *Id.* at 419, citing *In re Marriage of Thompson*, 682 S.W.2d 849, 851 (Mo.App.1984).

■ Although *Betterton* involved a custody arrangement that had existed longer than the one in this case, the principle that changed circumstances warranting a change of custody must directly affect the child's welfare is equally applicable. "Not every change in the life of a child or his custodian is enough to trigger a modification of custody." *Betterton*, 752 S.W.2d at 420. Here, as in *Betterton*, there was no evidence of changed circumstances of the custodial parent or the child that were harmful to the child's welfare.

Mother relies on the statement in the modification judgment that "[t]he parties are in agreement that there have been changes in circumstances so substantial and continuing as to make the terms of the [dissolution judgment] ... unreasonable, and that a modification of the decree is necessary to serve the best interests of the minor child and of the parties." The trial court apparently based this conclusion on the fact that both parties filed motions to modify the dissolution judgment.[2] Both pleadings alleged that change of circumstances had occurred since the entry of the dissolution judgment.

The allegations in mother's motion were directed to the change in make-up of father's household. Father's allegation was that mother had erroneously used "the tax dependency for the minor child in the tax year of 1996." He alleged this occurred "in violation of the terms of the Court's prior judgment"; that this constituted a change of circumstances warranting reassignment of the use of the tax dependency allowance.

As explained in *M.F.M. v. J.O.M.*, 889 S.W.2d 944 (Mo.App.1995):

**2.** Father's motion to modify was denied. He      does not challenge that part of the judgment.

Section 452.410 [RSMo 1986[3]] provides, in pertinent part:

> Except as provided in subsection 2 of this section, the court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.450 and it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.
>
> Under the statute, the court must *find* that changes have occurred and *"that modification is necessary to serve the best interests of the child."* This finding is a legal conclusion. Thus, while the parties may both agree, or admit in their pleadings, that certain changed circumstances exist, and while they may even agree or admit that such changes justify a modification to serve the best interests of the child, such admissions do not compel the trial court to make the required conclusion of law.

*Id.* at 956 [emphasis in original].

The record does not support the trial court's determination that the parties agreed there was a change of circumstances of father or Andrea. Each party asserted different "change of circumstances" directed to different issues. Even had there been agreement that there was a significant change of circumstances of father or Andrea, the trial court would not have been compelled to reach that conclusion.

Mother neither pleaded nor proved a significant change of circumstances of father or Andrea that adversely affected Andrea's welfare. The trial court's finding that the change of the make-up of father's household warranted a change of custody was an erroneous declaration of law.

■ Likewise, mother's criticism of the guardian ad litem in the dissolution action is of no consequence; nor is her assertion that the presumed child support calculated in the

dissolution action was based on inaccurate information of any consequence. They were collateral attacks on the judgment in the dissolution case. "A collateral attack is an attempt to impeach a judgment in a proceeding not instituted for the express purpose of annulling the judgment." *In re Marriage of Caby,* 825 S.W.2d 56, 59 (Mo.App.1992). *See also Flanary v. Rowlett,* 612 S.W.2d 47, 49 (Mo.App.1981). "A judgment rendered by a court having jurisdiction of the parties and subject matter . . . is not open to collateral attack in respect of its validity or conclusiveness of the matters adjudicated." *State ex inf. Voigts, etc. v. City of Pleasant Valley,* 453 S.W.2d 700, 704 (Mo.App.1970). *See also Flanary, supra,* at 49–50. Any disagreement mother had with the dissolution judgment could have been addressed by an appeal of that judgment. It is not a basis for a motion to modify.

Father's allegations of trial court error are well-taken. Mother's motion to modify did not plead facts upon which relief could be granted. Consequently, the evidence failed to show a significant change of circumstances as to the custodial parent or the child that warranted change of custody. The judgment is reversed.

SHRUM and BARNEY, JJ., concur.

---

3. The part of § 452.410, RSMo 1986, quoted in M.F.M. remains the same in the 1994 revision of

the statutes applicable to this case.