ACCEPTED
07-15-0091-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
9/24/2015 6:30:50 PM
Vivian Long, Clerk

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
9/24/2015 6:30:50 PM
VIVIAN LONG
CLERK

# IN THE COURT OF APPEALS
# FOR THE SEVENTH DISTRICT OF TEXAS
# AT AMARILLO

_____

## NOS.  07-15-00091-CR; 07-15-00106-CR; 07-15-00107-CR

_____

## DANIEL LEE AINSWORTH
## Applicant
## V.
## THE STATE OF TEXAS
## Respondent

_____

## APPEAL FROM POTTER COUNTY COURT AT LAW NO.1
## POTTER COUNTY, TEXAS

_____

## BRIEF OF APPLICANT IN SUPPORT OF 11.09 WRIT

_____

W. BROOKS BARFIELD JR.
ATTORNEY AT LAW
P.O. BOX 308
AMARILLO, TX. 79105
barfieldlawfirm@gmail.com
806.468.9500
806.468.9588 Fax
SBN 00783597
APPLICANT'S COUNSEL

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Tex. R. App. P. 38.1 (a), I hereby certify that the following individuals have an interest in this case. I make these representations in order that the members of this Court may evaluate possible disqualifications or recusal.

*Trial Judge*:

Hon. W.F. "Corky" Roberts
500 S. Fillmore Rm. 401
Amarillo, TX 79101

*State's Attorney*:

Will Richmond
500 S. Fillmore 301
Amarillo, TX 79101

*Applicant*:

Daniel Lee Ainsworth
TDC#00615301
Telford Unit
3899 Hwy 98
New Boston, TX 75570

*Trial Counsel*:

Pro Se

*Appellate Counsel*:

W. Brooks Barfield Jr.
P.O. Box 308
Amarillo, TX 79105

## TABLE OF CONTENTS

Certificate of Interested Persons. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Issues Presented for Appeal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

<u>SOLE ISSUE</u>: <u>The trial Court erred in granting applicant's relief as he was being illegally detained pursuant to §§508.282, 508.2811 Tex. Gov't. Code in violation of his rights under Texas Code of Criminal Procedure 1.04, the Fourteenth Amendment United States Constitution and Article 1 Section 13 Texas Constitution.</u>

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

# TABLE OF AUTHORITIES

U.S. SUPREME COURT CASES

*Morrissey v. Brewer*. 408 U.S. 471, 485, 92 S.Ct. 2593,
2602, 33 L.Ed.2d 484 (1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

TEXAS CASES

*Ex Parte Jordan*, 659 S.W. 2d 827, 828 (Tex Crim. App. 1983) . . . . . . . . . . .   11

*Hoang v.* State, 872 S.W. 2d 694, 699 n.9 (Tex. Crim. App. 1993) . . . . . . . . .   11

*Leblanc v. Sate*, 826 S.W. 2d 640, 642-643 (Tex. App. Houston [14th]
Dist. 1992 pet. Ref'd) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

*Ex Parte* Hargett, 819 S.W. 2d 866-68 (Tex. Crim. App. 1991) . . . . . . . . . . .   12

*Dahesh v. State*,  51 S.W. 3d 300 (Tex. App. Houston [14th Dist. 2000) . . . . .   13

*Ex Parte Okere*, 56 S.W. 3d 846, 849 (Tex. App. Ft. Worth 2001) . . . . . . . . .   13

*State v. Nkwocha*, 31 S.W. 3d 817, 820 (Tex. App. Dallas 200, no pet.) . . . . .   13

*Franklin v. Kyle,* 899 S.W.2d 405, 406 n. 1 (Tex.App.-Waco 1995, no pet.) . .   14

In re Friemel, No. 07-08-0216-CV, 2008 WL 2346396, at *1
 (Tex. App. June 4, 2008)(not cited in S.W. 3d) . . . . . . . . . . . . . . . . . . . . . . .   14

*McCambride v. State*, 752 S.W. 2d 418, 422 (Tex. App. Houston [1st]
 Dist. 1987, aff'd 778 S.W. 2d 70 (Tex. Crim. App. 1989). . . . . . . . . . . . . . . .   15

*Fairfield v. State*, 610 S.W. 2d 771, 779 (Tex. Crim. App. 1981). . . . . . . . . . .   15

Ex parte Cordova, 235 S.W.3d 735, 736 (Tex. Crim. App. 2007) . . . . . . . . . . .   16

*Ex Parte Bohannan*, 350 S.W. 3d 116,117- 118 (Tex. Crim App. 2011) . . . . . .   16

STATUTES AND RULES

Texas Rule of Appellant Procedure 11.09 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Texas Rule of Appellate Procedure 11.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Texas Rule of Appellate Procedure 11.11. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Texas Rule of Appellate Procedure 11.12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Texas Rule of Appellate Procedure 11.13. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Texas Rule of Appellate Procedure 11.15. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Texas Rule of Appellate Procedure 11.21. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Texas Rule of Appellate Procedure 11.22 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Texas Government Code Section 508.282. . . . . . . . . . . . . . . . . . . . . . . . . 11,14,16

Texas Government Code Section 508.2811. . . . . . . . . . . . . . . . . . . . . . . . . 11,14,16

Texas Code of Criminal Procedure 1.04 . . . . . . . . . . . . . . . . . . . . . . . . 11,14,16

Texas Code of Criminal Procedure 4.01. . . . . . . . . . . . . . . . . . . . . . . . 15

CONSTITUTIONAL AMENDMENTS

FOURTEENTH AMENDMENT U.S. CONST. . . . . . . . . . . . . . . . . . . . . . 11,14,16

TEXAS CONSTITUTION

ARTICLE 1  SECTION 13 TEX.. CONST. . . . . . . . . . . . . . . . . . . . . . . . 11,14,16

## ISSUES PRESENTED FOR APPEAL

SOLE ISSUE:

The trial Court erred in granting applicant's relief as he was being illegally detained pursuant to §§508.282,508.2811 Tex. Gov. Code in violation of his rights under Texas Code of Criminal Procedure 1.04, the Fourteenth Amendment United States Constitution and Article 1 Section 13 Texas Constitution.

## STATEMENT OF THE CASE

As all three cases involving Applicant's writ were tried at the same time. The cause numbers at trial were 141,066-1; 141,094-1, and 141,118-1.

In the present matter the Clerk's record shall be cited respective to the respective cause number. All matters were dealt with simultaneously at both the trial and appellate levels this response will be made for all three cause numbers. There are reporter's records for both the writ hearing and the trial and those shall be cited as such.

Applicant did not file a supporting brief with this Court to support his writs. CR 141,066 vol. 1 pg. 15,57. This Court abated appellate proceedings and ordered the trial court to conduct a hearing on whether to appoint counsel for the writ action. Pursuant to this Court's orders, the trial court conducted a hearing in which applicant appeared telephonically from prison with appellate counsel, whom had

been already appointed on the direct appeal. After the conclusion of the hearing appellate counsel was appointed by the trial court to file a supporting brief for the writ actions. This Court then reinstated all appellate proceedings.

Applicant's counsel filed applicant's direct appellate brief on September 8, 2015, for the consolidated cases. This brief only pertains to the writ action filed pro se by applicant.

Applicant was charged by Information in cause number 141,066-1 with terroristic threat; in cause number 141,094-1 with class "A" assault domestic violence, and in cause number 141,118-1 with interference with an emergency telephone call. CR 141,066 pg. 6; CR 141,094 pg. 6; CR 141,118 pg. 6.

On February 3, 2015, the trial court conducted a writ hearing and denied relief without announcing its reasons for denial. Applicant was represented by counsel at this hearing. CR 141,066 vol. 1 15-21,59; CR 141,094 pg. 60; CR 141-118 vol. 1 pg. 60. RR Writ Hearing vol.1 pg.15.

On April 27, 2015 a unified bench trial was held. The trial Court found Applicant guilty in all causes. In cause number 141,066-1, the trial court sentenced Applicant to one year in jail and a $4000.00 fine, in cause number 141,094-1 Applicant was sentenced to one year in jail and a $4000.00 fine, and in cause number 141,118-1 Applicant was sentenced to one year in jail and a $4000.00 fine. CR 141,066 pg. 66-67, CR 141,094 pg. 68-69; CR 141,118 pg. 68-69.

# STATEMENT OF FACTS

## 141-066

Applicant filed a writ in cause number 141-0061 in paragraph I of the writ Applicant alleges violations of double jeopardy due to the fact that the case in cause number 141-006 was the exact case which was originally filed as a felony and indicted in cause number 68,888-D in the 320th Judicial Court.

Applicant in paragraph II of the writ complained of an illegal incarceration due to a parole violation and subsequent "blue warrant" resulting from his charge. Applicant asserted he was denied his due process rights in that he was not released once cause number 68,888-D was dismissed.

The record reflects the Information in cause number 141,066 was filed on January 2, 2015. Applicant was arraigned on January 7, 2015 and bond was set at $2000.00 Applicant's writ was filed on January 27, 2015. CR 141-066 vol.1 pg.15.

Applicant alleges in paragraph b of the writ alleges that he was not properly arraigned in violation of Texas Code of Criminal Procedure 14.06. This writ was received by the trial court on January 26, 2015 and filed with the clerk on February 20, 2015. CR 141,066 vol.1 pg. 41-46. The record reflects appellant was arraigned.

Applicant's third contention in paragraph III of the writ was that the complaining witness filed an affidavit of non-prosecution in cause number 141-066. CR 141,066 pg.15-18. RR Writ Hearing vol.1 pg.7-8.

Finally in the prayer appellate cites a violation of Texas Government Code Section 508.282.

**141-094**

Applicant was arraigned in this case on January 14, 2014, and bond was set at $5000.00. CR 141,094 vol.1 pg.10. Applicant filed his writ with the trial court on January 10, 2015 and it was filed with the clerk on January 27, 2015. The allegations in this writ were identical to 141-066 CR 141,094 vol.1 pg.15.

**141-118**

Applicant was arraigned on January 20, 2015 and bond was set at $5000.00 CR 141-118 vol.1 pg.10. Applicant filed his writ with the trial court on January 10, 2015 and it was filed with the clerk on January 27, 2015. The allegations in this writ were identical to 141-066 CR 141,118 vol. 1 pg. 14-21.

**WRIT HEARING FEBRUARY 3, 2015**

The trial court conducted a hearing wherein applicant was represented by counsel. RR vol. 1 pg. 4-5. Applicant advised the trial court at the hearing that he was being illegally detained in violation of Texas Government Code 508.282 as he was being held on a blue warrant past 41 days after the felony case was dismissed.

RR vol. 1 pg. 8-9. The parole report reflected that applicant had been detained since July 14, 2015, for the original felony charge of aggravated assault with a deadly weapon, a period of 150 days at the time of the writ hearing. The felony was dismissed on December 1, 2015. The parole board had not refiled parole revocation based on the re-filed misdemeanor charges in January 2015. RR vol. 1 pg.10 CR 141-066 vol. 1 pg. 20-21. Consequently, applicant was being held on a blue warrant for a non-existent charge.

## TRIAL RECORD

The felony case was dismissed on December 1, 2014. The record reflects that his felony case was dismissed. CR vol. 1 pg.21. There is nothing in the trial record to suggest a final disposition was ever made in cause number 68,888-D, nor did Applicant ever face a trial or plea hearing in cause number 68,888-D. This issue was actually addressed at the beginning of the bench trial as follows:

> The Defendant: I'm ready as far as—the only issue I have about this case is that this was originally a court—a case with an indictment and there was an attorney, Darrell Carey. He was the attorney appointed on the case.
>
> The Court: uh-huh.
>
> The Defendant: Since the case came from the same complainant Luis Hernandez, it's actually the same case. And from my under-Standing there's—under Texas Code of Criminal Procedure 21.26 I think is the code, states that at the—a filing of an indictment that charges a lesser offense that the—there should be a transfer order from the district court to the lower court. And I could not find that in the file, And I would like that noted—for appellate purposes.

Mr. Richmond:  Well, your honor, this case wasn't transferred. This case was dismissed and then the Amarillo Police Department re-presented it to the county attorney, so it's not – that statute is Not applicable to this case.

The Court:  That's correct. That will be denied. RR vol.1 pg.9.

## ARGUMENT

SOLE ISSUE: The trial Court erred in granting applicant's relief as he was being illegally detained pursuant to§ §508.282,508.2811 Tex. Gov. Code in violation of his rights under Texas Code of Criminal Procedure 1.04, the Fourteenth Amendment United States Constitution and Article 1 Section 13 Texas Constitution.

## STANDARD OF REVIEW

Texas Rule of Criminal Procedure 11.09 provides for the filing of a writ in misdemeanor cases with the county judge in which the misdemeanor has been charged to have been committed. In the present case applicant properly filed his writ in the Potter County Court At Law No. 1 Potter County, Texas the trial court where applicant's charges were pending. CR 141-066,141,094, 141-118.   The trial court timely set and conducted a hearing as prescribed by Texas Rules of Appellate Procedure. See 11.10; 11.11; 11.12 11.13, and 11.15. See *Ex Parte Jordan*, 659 S.W. 2d 827, 828 (Tex Crim. App. 1983); *Hoang v.* State, 872 S.W.

2d 694, 699 n.9 (Tex. Crim. App. 1993) ("[o]ur statutes governing the writ of habeas corpus relief provide that 'any person' may petition for the writ on behalf of someone unlawfully restrained of his liberty."); *Leblanc v. Sate*, 826 S.W. 2d 640, 642-643 (Tex. App. Houston [14[th]] Dist. 1992 pet. Ref'd). Applicant set forth specific reasons for his illegal detention in his application.

In the present case there is no question that applicant was restrained at the time of the filing of the writ as he was an inmate in the Potter County Detention Center and is now currently in the Texas Department of Criminal Justice Institutional division.

A writ itself is "merely the process by which persons involved are noticed that the court is considering the issue, parties are physically attached, if necessary and the response (or the return) is made. Issuance of the writ without delay is required unless 'it is manifest. . . that a party is entitled to no relief whatsoever.' Once the writ issues the court considers the return, all attached documents, any testimony, and then either grants or denies the requested relief." *Id*.

The trial court denied relief and now applicant looks to this Court for relief. To be entitled to relief, a habeas corpus applicant, must establish that he is either "confined or "restrained" unlawfully at the time the writ application was filed. As the trial court ruled on the merits of the writ, this Court has jurisdiction to consider relief for applicant. "When a hearing is held on the merits of an applicant's claim

and the court subsequently rules on the merits of that claim, the losing party may appeal. " *Ex Parte* Hargett, 819 S.W. 2d 866-68 (Tex. Crim. App. 1991)  See *Dahesh v. State*,  51 S.W. 3d 300 (Tex. App. Houston [14th Dist. 2000); *Ex Parte Okere*, 56 S.W. 3d 846, 849 (Tex. App. Ft. Worth 2001);  Tex. Code Crim. Proc. 11.09, 11.21, 11.22.

In reviewing a trial judge's decision to grant or deny relief on a writ of habeas corpus, the reviewing Court grants almost total deference to a trial judge's determination of the historical facts supported by the record, especially when the fact finding are based on an evaluation of credibility and demeanor.  If the resolution of the ultimate questions turns on legal standards, the Court of Appeals reviews the trial court's determinations de novo.  *Ex Parte Okare* 56 S.W. 3d  at 854-55.; *State v. Nkwocha*, 31 S.W. 3d 817, 820 (Tex. App. Dallas 200, no pet.).

Applicant contends that the trial Court erred on a question of law regarding the court's jurisdictional ability to order Appellant's release as he was being held unlawfully in violation of statute.  The trial court's ruling had nothing to do with the credibility or demeanor of any witness.  When asked by defense counsel to make a specific ruling regarding the trial court's denial of relief based on jurisdiction, the trial court never ruled that it did not have jurisdiction to make such an order the Court merely stated: "I'm not practicing law here." RR vol. 1 pg.21

Texas Government Code Section 508.282(a)(1) provides: "[e]xcept as provided by subsection (b), a parole panel, a designee of the board, or the department shall dispose of charges against an inmate or person described by Section 508.281(a): (1) before the 41st day after which: (A) a warrant has issued provided by section 508.251 is executed, if the inmate or person is arrested only on a charge that the inmate or person has committed an administrative violation of a condition of release, and the inmate or person is not charged before the 41st day with the commission of an offense described by Section 508.2811 (2)(B)."

Applicant asserts the record in this case evidences that the parole board violated the clear wording of the time limits prescribed in the statute by not releasing the blue warrant. A "blue warrant" issues for the arrest of a parolee suspected of violating the terms of his or her parole. *See Franklin v. Kyle,* 899 S.W.2d 405, 406 n. 1 (Tex.App.-Waco 1995, no pet.); Tex. Gov't Code Ann. §§ 508.251 & 508.252 (Vernon 2004). In re Friemel, No. 07-08-0216-CV, 2008 WL 2346396, at *1 (Tex. App. June 4, 2008)(not cited in S.W. 3d).

Applicant contends that the trial court in denying relief based solely on legal grounds made a ruling in violation of his constitutional rights under Article 1.04 Texas Code of Criminal Procedure, the Fourteenth Amendment to the United States Constitution and the Texas Constitution Article 1 Section 13.

Article 1.04 of the Texas Code of Criminal Procedure requires that "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of law of the land. This article closely corresponds to the Fourteenth Amendment. *McCAmbride v. State*, 752 S.W. 2d 418, 422 (Tex. App. Houston [1st] Dist. 1987, aff'd 778 S.W. 2d 70 (TEx. Crim. App. 1989). Article 1 Section 13 of the Texas Constitution states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. . ." Appellant asserts that bail was granted by the magistrate when he was arraigned on each of his cases. However, due to the illegal detention pursuant to the blue warrant he was effectively denied bail by the trial court failing to order the blue warrant's be released as such his basic fundament rights to due course of law was violated.

Article 4.01(7) Texas Code of Criminal procedure states in pertinent part: "The following courts have jurisdiction in criminal actions…(7) All county courts at law with criminal jurisdiction." "'" Jurisdiction is comprised not of the 'place' of prosecution, but the power of the court over the 'subject matter' of the case, conveyed by statute or constitutional provision coupled with 'personal' jurisdiction over the accused, which is invoked in felony prosecutions, by the filing of sufficient indictment or information if indictment is waived." *Fairfield v. State*, 610 S.W. 2d 771, 779 (Tex. Crim. App. 1981).

In *Morrissey v. Brewer,* the Supreme Court held that due process requires that a preliminary hearing be held "as promptly as convenient" after a parolee has been arrested to "determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed the acts that would constitute a violation of parole conditions." 408 U.S. 471, 485, 92 S.Ct. 2593, 2602, 33 L.Ed.2d 484 (1972). Ex parte Cordova, 235 S.W.3d 735, 736 (Tex. Crim. App. 2007); *Ex Parte Bohannan*, 350 S.W. 3d 116,117- 118 (Tex. Crim App. 2011).

The county court at law was conferred jurisdiction both over the person of applicant and over the subject matter before the court in this case. See Tex. Code Crim. Proc. Art. 4.07. Therefore applicant contends he should have been allowed an opportunity to post bail and as such his convictions should be reversed or his case remanded for new trial.

## CONCLUSION

The trial Court erred in granting applicant's relief as he was being illegally detained pursuant to §508.282 and 508.2811 Tex. Gov. Code in violation of his rights under Texas Code of Criminal Procedure 1.04, the Fourteenth Amendment United States Constitution and Article 1 Section 13 Texas Constitution.

## PRAYER

Applicant prays that his conviction be reversed or remanded for new trial and for all other relief the Court deems appropriate.

Respectfully submitted,

/S/ W. Brooks Barfield Jr.

P.O. Box 308
Amarillo, Texas 79105
806.468.9500
806.468.9588 FAX
barfieldlawfirm@gmail.com
**ATTORNEY FOR APPLICANT**

## CERTIFICATE OF COMPLIANCE

I certify that this document brief was prepared with Microsoft Word 7, and that, according to that program's word-count function, the sections covered by TRAP 9.4(i)(1) contain 3,724 words.

/S/ W. Brooks Barfield Jr.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Applicant's brief was delivered to the Potter County Attorney, Potter County Texas; the Potter County Court At Law No.1, and mailed to Applicant on September 24, 2015.

/S/ W. Brooks Barfield Jr.