**Linda Beth HAUS–GILLESPIE, Respondent,**

v.

**Roger Mark GILLESPIE, Appellant.**

**No. WD 56084.**

Missouri Court of Appeals, Western District.

Aug. 17, 1999.

Lorri Kline, Columbia, for appellant.

Gwendolyn S. Froeschner, Columbia, for respondent.

Before: EDWIN H. SMITH, P.J., and HANNA and SPINDEN, JJ.

EDWIN H. SMITH, Presiding Judge.

Roger Gillespie appeals the judgment of the circuit court overruling his motion to modify the decree of dissolution of marriage dissolving his marriage to the respondent, Linda Haus–Gillespie. In his motion, the appellant requested a change of the primary physical custody of the parties' minor child, Carl, from the respondent to him.

In his sole point on appeal, the appellant claims that the trial court erred in denying his motion to modify custody on the basis that he failed to demonstrate that, since the prior custody decree was entered, a substantial and continuing change had occurred in the circumstances of the respondent and/or the minor child, as required by § 452.410 [1] to modify custody.

We affirm.

### Facts

The parties were married on May 18, 1991. Their only child, Carl, was born on December 7, 1992. They separated on September 11, 1995. Their marriage was dissolved in the Circuit Court of Boone County on August 23, 1996, with the parties, pursuant to the "Joint Custody Agreement," approved by the trial court and incorporated in the decree, receiving joint legal custody of Carl and the respondent receiving primary physical custody with visitation to the appellant.

After the parties separated, but before the decree of dissolution, the respondent, who worked at the time, and still does, for the Division of Family Services (DFS), began providing respite care for foster care children through the DFS and the Division of Youth Services (DYS). The foster care children through the DYS usu-

ally have criminal records, but have been approved for residential settings. The children are usually placed in respite care for up to two days per month and for an additional period of fourteen vacation days per year when their foster families need to leave the state or take a vacation.

The respondent has complete discretion in approving the foster care children she accepts into her home and never accepts children who have behavior disorders, have been sexually abused, or have not previously spent time with a foster family. She has never left Carl home alone with a foster care child. On one occasion, Carl was playing with a foster care child who accidentally kicked him. However, he did not sustain any serious or permanent injury from being kicked.

The respondent makes approximately $100 per month providing respite care and feels that the foster care children have a positive effect on Carl. In order to be a respite care provider, the respondent had to sign a confidentiality agreement whereby she could not discuss the specific details about the foster care children in her care with others. Thus, although she has told the appellant general information about the kind of foster care children that she accepts into her home, she could not provide him with any specific information.

On October 8, 1997, the appellant filed a "Motion for Contempt and Motion for Order to Show Cause and for Injunctive Relief," requesting, in part, that the respondent be ordered to cease providing respite care services for foster care children when Carl was present in her home. He alleged that the respondent was willfully violating the divorce decree, wherein she agreed to confer with him on issues regarding Carl's rearing and other material decisions affecting his health, education, or welfare, by refusing to provide him with specific information regarding the foster care children that she accepts into her home. Evidence was heard on the appellant's motion for

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

contempt and injunctive relief on November 17, 1997, after which the trial court overruled his motion.

On December 10, 1997, the appellant filed a motion to modify custody, requesting primary physical custody of Carl and child support from the respondent. He alleged that there had been a substantial and continuing change of circumstances since the decree of dissolution in that the respondent had failed to cease to provide respite care to foster care children in her home, as agreed, and failed to communicate with him regarding Carl's rearing, as required by the decree and custody agreement, with regard to the foster care children to whom Carl was exposed and by whom he was mistreated.

Evidence was heard on the appellant's motion to modify on May 14, 1998, which the trial court took under advisement. On May 20, 1998, the trial court overruled the motion, finding that "there has not been a substantial and continuing change of circumstances since [the] granting of [the] original decree."

This appeal follows.

## Standard of Review

█ Our review of a judgment denying a motion to modify child custody is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). *Bomar v. Kurtz,* 951 S.W.2d 657, 659 (Mo.App.1997). We will affirm the judgment so long as it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *Id.* " 'When there is conflicting evidence, the trial court has the discretion to determine the credibility of the witnesses, accepting or rejecting all, part, or none of the testimony it hears.' " *Id.* (*quoting Guier v. Guier,* 918 S.W.2d 940, 946 (Mo. App.1996)). " 'Because the trial court is in the best position to weigh all the evidence and render a judgment based on the evidence, the judgment is to be affirmed under any reasonable theory supported by

the evidence.' " *Id.* (citations omitted) (*quoting Guier,* 918 S.W.2d at 946).

In reviewing an order modifying child custody,

"[a] great deal of caution should be exercised in considering whether a judgment should be set aside on the ground that it is against the weight of the evidence, and only then upon a firm belief that the judgment of the trial court was incorrect. In child custody matters the trial court's determination must be given greater deference than in other cases."

*Id.* (citations omitted) (*quoting Guier,* 918 S.W.2d at 946). In our review, we must view the evidence in the light most favorable to the decision of the trial court. *Id.*

### I.

The appellant claims that the trial court erred in denying his motion to modify custody on the basis that he failed to demonstrate that, since the prior custody decree was entered, a substantial and continuing change had occurred in the circumstances of the respondent and/or the minor child, as required by § 452.410 to modify custody. Specifically, he claims that the evidence demonstrated that there had occurred a substantial and continuing change of circumstances in that: (1) the respondent had agreed at the time of dissolution to cease providing respite care for foster children through the DFS and the DYS, but had failed to do so; and (2) the respondent agreed and was ordered, pursuant to the court's decree providing for joint legal custody, to confer with him regarding her respite care services and its effect on Carl, but had refused to do so. The appellant was concerned about the "kind of children" to whom his son was being exposed as a result of the respondent's providing respite care in her home. In this respect he testified that Carl had complained to him that foster care children had kicked and been mean to him. The respondent contends that there had not been a change of circumstances since the prior decree, and even if there had

been, it was not so substantial as to warrant modification.

■ Section 452.410.1 governs the modification of child custody decrees. It provides, in pertinent part, that:

the court shall not modify a prior custody decree unless it has jurisdiction under the provisions of § 452.450 and it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

§ 452.410.1. Under this subsection, before a court can change physical custody of a minor child as being in his or her best interests, it must first determine that there has been a substantial and continuing change of circumstances of the child or custodian. *Bomar*, 951 S.W.2d at 660. There is a presumption that the party awarded custody in the original decree is a suitable custodial parent. *Guier*, 918 S.W.2d at 947. As such, the party seeking to change custody has the burden of proving a change in circumstances requiring modification. *Id.*

■ The required change in circumstances must relate to the circumstances of the child or the custodial parent, not the noncustodial parent. *McCreary v. McCreary*, 954 S.W.2d 433, 439 (Mo.App. 1997). In order for the change in circumstances to be sufficient to warrant modification, it must be of such a nature that the child will substantially benefit from the change of custody and the welfare of the child requires it, *id.*, in that children should not be moved from one environment to another upon slight changes of the status of the parents, *Guier*, 918 S.W.2d at 947, inasmuch as there is much value in allowing children to remain with the custodial parent as opposed to uprooting them from familiar surroundings and moving them to a different home. *McCreary*, 954 S.W.2d at 446. Thus, " '[e]ven if there is

some showing at a modification hearing that a change of circumstances has occurred, such change must be significant before a child custody decree may be modified.' " *Mobley v. Phillips*, 942 S.W.2d 399, 401 (Mo.App.1997) (*quoting In re Marriage of D.L.(B.)M.*, 783 S.W.2d 473, 474–75 (Mo.App.1990)). Not every change in the life of a child or his or her custodian is sufficient to trigger a modification of custody. *Shockey v. Curtis*, 971 S.W.2d 320, 322 (Mo.App.1998).

As the appellant asserts, the record does not reflect whether the trial court, in overruling his motion, found that there had not been any change in circumstances since the entry of the prior decree or that there had been, but it was not so substantial as to warrant modification. He contends, however, that the trial court erred in either event in that the evidence established both. For her part, the respondent contends that there was not a showing of any change in circumstances, let alone the required showing of a substantial change in circumstances, in that at the time of the prior decree and presently, she was providing respite care for foster children and was not sharing the information about this activity with the appellant, which he claims she is now required to do.

With respect to the issue of whether any change in circumstances had occurred, § 452.410.1 requires that the change in circumstances must be based on "facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree." The appellant relies on both provisos of this subsection, the "new" and "unknown" facts provisos, to establish a change of circumstances. In support of the application of the new facts proviso, he points to the fact that the parties' "Joint Custody Agreement," which was approved and incorporated in the decree by the trial court, required the respondent to confer on major issues regarding the "child's training, education and rearing." From this, he asserts that the

respondent was required to discuss with him the circumstances of her respite care-giving in that it logically impacted on Carl's welfare, but she refused to do so. As to the application of the unknown facts proviso, the appellant contends that, although it was agreed, understood, and contemplated by the parties that the appellant's agreement to have the respondent exercise primary physical custody was, in significant part, based on her promising to cease to provide respite care as of August 1996 due to the appellant's concern about Carl's well-being, this fact was unknown to the trial court in that custody was not litigated and it was not set out in the joint custody agreement. We need not decide if the appellant is correct in his assertions, because, even if we assume, *arguendo*, that he is, he would still not succeed on his claim in that, for the reasons stated, *infra*, we find that the record would support the trial court's finding that any change in circumstances shown was not substantial, as required for modification.

The record reveals that sometime in January 1996, in preparation for trial on the petition for dissolution of marriage, the appellant's attorney deposed the respondent, during which she testified that she was "planning on, the maximum, doing [respite care] until the middle of August [1996]." At the hearing on the motion to modify, the respondent testified that she was continuing to provide respite care and wanted to do so because she believed it had a positive effect on Carl and her two other children and she needed to supplement her income to pay her continuing attorney's fees. She further testified that, contrary to the assertion of the appellant, at no time did she expressly promise to cease providing respite care. She also testified that because of the confidentiality agreement with the DFS and DYS she was required to sign in order to be a respite care provider, she could not discuss with the appellant the specific details about the foster care children she had in her home. However, she stated that she had given him general information about the kind of foster care children that she accepts into her home. She further explained that she has complete discretion in approving the foster care children she accepts into her home and had never accepted children that had behavior disorders, had been sexually abused, or had not previously spent time with a foster family. She also testified that Carl enjoys spending time with the foster care children. While on one occasion he was accidentally kicked while playing with a foster care child, he did not sustain any serious or permanent injury. With respect to this issue, the appellant admitted in his brief that it was "plain that there [was] no substantial evidence of actual harm occurring to Carl at the time of the hearing other than Carl's complaints of being kicked and some of the kids being mean to him."

In determining that the appellant failed to demonstrate a substantial change of circumstances warranting modification, the trial court was free to believe *in toto* or in part the testimony of the respondent. *Patton v. Patton*, 973 S.W.2d 139, 145 (Mo. App.1998). Viewing her testimony in the light most favorable to the trial court's decision, we find that the respondent's continued respite care services and her failure to provide the appellant with specific information regarding the foster care children she accepts into her home did not constitute a substantial and continuing change of circumstances such that a change of custody to the appellant would significantly benefit Carl. Hence, we find that the trial court did not err in denying the appellant's motion to modify.

Point denied.

### Respondent's Motion to Dismiss and for Attorney's Fees for Frivolous Appeal

The respondent filed a motion to dismiss and for damages in the amount of her attorney's fees for frivolous appeal, pursu-

ant to Rule 84.19,[2] which was taken with the case. The respondent alleged in her motion that the appellant's appeal was frivolous in that the allegations of a change of circumstances alleged as a basis for his motion to modify custody were, on their face, without merit. We disagree and overrule her motion.

As to her motion to dismiss, the respondent does not cite any authority for dismissing an appeal as being frivolous. In any event, it matters not given our disposition of the appellant's appeal in respondent's favor.

■ As to her claim for damages for frivolous appeal, Rule 84.19 provides that "[i]f an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper." "An appeal is frivolous if it presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect that it can ever succeed." *Johnson v. Aldi, Inc.,* 971 S.W.2d 911, 912 (Mo.App.1998). We will award damages for filing a frivolous appeal with extreme caution so as to avoid chilling the filing of an appeal of even slight, colorable merit. *Hutchings v. Waxenberg,* 969 S.W.2d 327, 330 (Mo.App.1998).

Although the appellant was not successful on his claim on appeal, we find that it was not meritless on its face. As discussed, *supra,* to be successful on his appeal, the appellant was required to show that the record mandated a finding that there had been a substantial and continuing change in the circumstances of the respondent or the minor child. § 452.410.1; *Bomar,* 951 S.W.2d at 660. In addition, this requisite change in circumstances must have satisfied either the "new facts proviso" or "unknown facts proviso" of § 452.410.1. The appellant contends on appeal that his motion should have been sustained under either proviso. As to the

unknown facts proviso, he argued that it applied inasmuch as custody was not litigated and the trial court was not aware of the parties' agreement at the time of dissolution that the respondent would cease to provide respite care if she obtained primary physical custody of Carl. This is an argument that has previously been upheld as establishing a change of circumstances, *K.J.B. v. C.M.B.,* 779 S.W.2d 36, 39 (Mo. App.1989), although not necessarily a substantial change of circumstances. Thus, although we ultimately found that the appellant's appeal is without merit, we do not find his claim on its face so devoid of merit as to warrant the imposition of damages pursuant to Rule 84.19. Hence, the respondent's motion for Rule 84.19 damages is denied.

## Conclusion

The judgment of the circuit court overruling the appellant's motion to modify its prior decree of custody is affirmed.

All concur.

■

**2.** All rule references are to the Missouri Rules of Civil Procedure (1999), unless otherwise

indicated.