**The STATE of Texas, Appellant,**

v.

**Heston A. NKWOCHA, Appellee.**

**No. 05–99–01950–CR.**

Court of Appeals of Texas,
Dallas.

Nov. 15, 2000.

Donald R. McDermitt, Plano, Tom O'Connell, Crim. Dist. Atty., McKinney, for Appellant.

Bill Dobiyanski, Asst. Crim. Dist. Atty., McKinney, for State.

Before Justices KINKEADE, WHITTINGTON, and JAMES.

## OPINION

Opinion By Justice WHITTINGTON.

The State appeals the trial court's order granting Heston A. Nkwocha a new trial pursuant to his application for writ of habeas corpus.[1] The State contends (i) the trial judge erred in granting a new trial based on "newly discovered evidence" and (ii) the findings of fact and conclusions of law are not supported by the record. For the reasons that follow, we conclude the trial judge abused his discretion in granting the relief Nkwocha requested in his application for writ of habeas corpus.

### BACKGROUND

Nkwocha was charged with indecency with R.N., a child. At trial, R.N. testified she was born on March 8, 1978, making her fifteen years old at the time of the December 1993 offense. In contrast, her uncle and adopted father, Adolphus Nwosu, testified R.N. was born March 15, 1974, and Nkwocha testified R.N. was about four or five years old when he left Nigeria in 1978. Although R.N.'s age at the time of the offense was hotly contested at trial, the jury ultimately found Nkwocha guilty and assessed punishment at five years' imprisonment, probated for ten years. Nkwocha appealed to this Court, claiming the evidence was legally insufficient to support his conviction. In one of his points of error, Nkwocha contended the State did not prove beyond a reasonable doubt that

---

1. The State's notice of appeal recites the trial judge granted Nkwocha's "Motion for New Trial" when in fact the trial judge granted Nkwocha relief on his application for writ of habeas corpus. Nevertheless, we have juris- diction to consider the State's appeal. *See* Tex.Crim.Pro.Code Ann. art. 44.01(a)(3) (Vernon Supp.2000); *State v. Kanapa,* 778 S.W.2d 592, 593–94 (Tex.App.—Houston [1st Dist.] 1989, no pet.).

R.N. was younger than seventeen at the time of the offense. This Court affirmed his conviction in an unpublished opinion.[2]

In January 1998, the State filed a motion to revoke Nkwocha's probation. On July 28, 1998, the trial judge held a hearing on the State's motion to revoke. During the hearing, Nkwocha testified that while on probation, he requested and was granted permission to travel to Nigeria to find documentation that would substantiate his claim that R.N. was older than she claimed at trial. During his trip, Nkwocha obtained four documents:

> (i) an affidavit executed by Fidelia Nwauchefor Nwosu and certified by the commissioner of oaths in which Fidelia testifies she is R.N.'s mother, R.N. was born on March 15, 1974, and that because she had no husband, she gave R.N. to her brother, Nwosu, to be raised as his daughter;
>
> (ii) a birth certificate for R.N., issued on November 15, 1997, which states that R.N. was born on March 15, 1974;
>
> (iii) R.N.'s baptismal certificate which states she was born March 15, 1974 and baptized March 19, 1975;
>
> (iv) a certified copy of page 70, volume 41, of the Native Births Registry for the Lagos Mainland Local Government, Public Health Department, which states R.N. was born March 15, 1974 and registered November 17, 1978.

In addition, Nkwocha testified the process of executing Fidelia's affidavit and certifying its authenticity was videotape recorded.

After a brief recess, the judge announced that the State and Nkwocha had agreed to postpone the proceedings indefinitely to allow Nkwocha time to file an application for writ of habeas corpus and allow the State an opportunity to further investigate and, if appropriate, "challenge the veracity of the newly proffered documents." Then, pursuant to the agreement, he ordered the capias withdrawn and Nkwocha released from custody.

On May 18, 1999, Nkwocha filed an application for writ of habeas corpus.[3] The State filed its response September 13, 1999. On October 27, 1999, the trial judge entered the following amended findings of fact and conclusions of law based on the affidavits, responses, and record of the case:

> 1. The age of the victim was vigorously contested at trial. Several persons testified that the victim was not a minor, and Applicant even secured the testimony of a dentist who testified that, based on dental x-rays, the victim was early to mid twenties in age (while also conceding on cross-examination that the victim could have been as young as 17 or 15)[.] The only evidence of the victim's age which supports the [S]tate's theory of the case is from the testimony of the victim herself.
>
> 2. The geographical distance, as well as cultural differences, made it difficult to obtain documentary evidence and secure witnesses from Nigeria.
>
> 3. The only documentary evidence of the age of the victim is the evidence which is the subject of this writ, and previously unavailable to counsel. The documentary evidence which is the subject of this writ support[s] the Applicant's allegations.
>
> 4. On July 28, 1998, this Court conducted a hearing on a Motion to Revoke Community Supervision during which hearing the Court first became aware of the newly discovered docu-

---

2. See Nkwocha v. State, No. 05–95–01406–CR, 1996 WL 317201 (Tex.App.—Dallas May 30, 1996, no pet.) (not designated for publication).

3. That same day, Nkwocha also filed an "application for writ of habeas corpus and/or motion for new trial." This filing relies on the same documentation and requests the same relief as the application for writ of habeas corpus.

mentary evidence. At the Court's suggestion, the hearing was placed into an agreed recess to 1) allow the Applicant to file this writ and 2) allow the [S]tate an opportunity to further investigate and, if it could, disprove or challenge the veracity of the newly proffered documents. More than a year has transpired. In its response, the State stands by the record of the jury proceedings.

5. One of the exhibits presented by the Applicant is an affidavit signed by the victim's own mother. This affidavit is unchallenged by the State. The testimony of the mother, if her attendance could be obtained from Nigeria, or secured in some other fashion, would favor Applicant's claims that the victim was not a minor.

The judge then concluded Nkwocha was entitled to the relief requested in his writ and ordered a new trial. This appeal followed.

## STANDARD OF REVIEW

In reviewing a trial judge's decision to grant or deny relief on a writ of habeas corpus, we afford almost total deference to a trial judge's determination of the historical facts supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *See Ex parte Martin,* 6 S.W.3d 524, 526 (Tex.Crim.App.1999) (citing *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997)); *Ex parte Elizondo,* 947 S.W.2d 202, 209 (Tex.Crim.App.1996) (habeas court had opportunity to view witnesses and determine credibility). We afford the same amount of deference to the trial judge's rulings on "applications of law to fact questions," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *See Ex parte Martin,* 6 S.W.3d at 526. However, if the resolution of those ultimate questions turns on an application of legal standards, we review the determination *de novo. See Ex parte Martin,* 6 S.W.3d at 526.

In a writ of habeas corpus in which the applicant asserts that newly discovered or previously unavailable evidence demonstrates his actual innocence of the original offense, the burden is on the applicant to "show *by clear and convincing evidence* that no reasonable juror would have convicted him in light of the new evidence." *Ex parte Elizondo,* 947 S.W.2d at 209. Thus, the trial judge's job is not to review the jury's verdict but to decide whether the newly discovered evidence would have convinced the jury of the applicant's innocence. *See Ex parte Elizondo,* 947 S.W.2d at 207. Absent a clear abuse of discretion, we accept the trial judge's decision to grant the relief requested in a habeas corpus application. *See Ex parte Elizondo,* 947 S.W.2d at 210.

## NEWLY DISCOVERED EVIDENCE

In its first point of error, the State contends the trial judge abused his discretion in granting Nkwocha the relief requested in his writ and ordering a new trial because Nkwocha did not meet any of the requirements necessary to be entitled to a new trial under a claim of newly discovered evidence.

A criminal defendant is entitled to a new trial where material evidence favorable to him has been discovered since trial. TEX.CODE CRIM.PROC.ANN. art. 40.001 (Vernon Supp.2000). Traditionally, there have been four requirements for obtaining a new trial based on newly discovered evidence:

- the evidence was unknown or unavailable to the defendant at the time of trial;
- the failure to discover the evidence was not due to the defendant's want of diligence;
- the evidence is admissible, and not merely cumulative, corroborative, collateral or impeaching; and
- the evidence is probably true and will probably bring about a different result on another trial.

*See Moore v. State,* 882 S.W.2d 844, 849 (Tex.Crim.App.1994); *Anderson v. State,* 717 S.W.2d 622, 626 (Tex.Crim.App.1986) (newly available evidence treated as newly discovered evidence); *Eddlemon v. State,* 591 S.W.2d 847, 849 (Tex.Crim.App.1979). We see no reason to apply a different standard to the issue of newly discovered evidence when raised by writ of habeas corpus as opposed to a motion for new trial, except that, under the fourth prong, a habeas applicant must demonstrate *"by clear and convincing evidence* that no reasonable juror would have convicted him in light of the new evidence." *See Ex parte Elizondo,* 947 S.W.2d at 209.

The State contends Nkwocha did not meet the requirements necessary to be entitled to a new trial. Because we conclude there is no evidence to show that the failure to discover the evidence in this case was not due to Nkwocha's lack of diligence, we agree. In his application for writ of habeas corpus, Nkwocha stated the newly discovered evidence was "not available at the time of trial," "has since been discovered and documented," and was "only recently discovered after [Nkwocha] was able to travel to Nigeria to secure the documents and/or affidavits." Nkwocha did not discuss why he previously had been unable to obtain documentation regarding R.N.'s true birth date or how he attempted to obtain the evidence but was unable to before trial. Nor did he allege that the failure to previously obtain the documents was not due to his lack of diligence. Nothing in his testimony during the hearing on the State's motion to revoke indicates he previously exercised diligence in attempting to find the evidence.[4] Although the trial judge found that "the geographical distance, as well as cultural differences, made it difficult to obtain documentary evidence and secure witnesses from Nigeria," a finding of difficulty in obtaining documents does not equate to a finding that the applicant exercised diligence. Be-

cause there is no evidence in the record that the inability to obtain the four documents in question was not due to Nkwocha's lack of diligence, Nkwocha did not meet his burden of showing he was entitled to a new trial. Therefore, we conclude the trial judge abused his discretion in granting Nkwocha relief. We reverse the trial court's order granting Nkwocha the relief he sought in his application for writ of habeas corpus and ordering a new trial. We remand this cause for further proceedings.

---

4. In fact, the only evidence in the record shows that, during the indecency trial, Nkwo- cha testified he was "with [R.N.'s] mother [in Nigeria] three weeks ago."