**Ex parte Jose Angel FARIAS.**

No. 04–01–00664–CR.

Court of Appeals of Texas,
San Antonio.

June 12, 2002.

Ray Taylor, Robert H. Featherston, Taylor & Correa, P.C., San Antonio, for Appellant.

Mary Beth Welsh, Asst. Criminal Dist. Atty., San Antonio, for Appellee.

Sitting: ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice.

## OPINION

PAUL W. GREEN, Justice.

Jose Angel Farias pled nolo contendere and was convicted of misdemeanor driving while intoxicated. The trial court imposed a sentence of four months imprisonment, probated for eighteen months. After serving more than half the probationary period, Farias filed an application for writ of habeas corpus, claiming ineffective assistance of counsel at the time of the plea bargain. Following an evidentiary hearing on the merits, the trial court denied the writ of habeas corpus and this appeal followed. We affirm the judgment of the trial court.

### *Background*

At the evidentiary hearing, Farias and his mother testified that appointed counsel, Todd Coronado, spent only a few minutes persuading Farias it was in his best interest to agree to a plea bargain, without explaining the full ramifications of a plea

and without investigating possible exculpatory evidence, including the testimony of an eyewitness [1] and a videotape of Farias before the magistrate after the arrest. Coronado testified he had two conferences with Farias and his mother, the first explaining the charge and going over the police report, the second, after viewing the video, to discuss the terms and effect of the plea bargain offer. Coronado testified he viewed the videotape of the arrest and used its contents to negotiate a better bargain with the prosecutor.[2] Coronado stated he offered to request a postponement of the hearing to give Farias more time to decide on a course of action. Coronado also indicated Farias was not much interested in the process, appeared to be in a hurry, and only wanted to stay out of jail.

Both Farias and the State presented experts who testified to the standard of care for an attorney whose client is contemplating a plea bargain. Not surprisingly, the State's expert determined Coronado met that standard, while Farias's expert took the opposite view. The county court prosecutor and the county court coordinator testified it was not uncommon for misdemeanor defendants to make a plea at the first hearing and that Farias's sentence was lenient compared with the sentence the judge usually imposed for similar DWI offenders.

The trial court denied Farias's application for two reasons. First, the trial court determined Farias was not entitled to bring an application for habeas corpus as a matter of law because as a probationer, he was not "confined" as that term should be

---

1. The only evidence of the eyewitness's possible testimony is Farias's conclusory statement that it would have been favorable.

2. In an affidavit filed in response to the application for writ, Coronado testified he also

discussed the contents of the video with Farias. The videotape was not available to the habeas court, having been destroyed pursuant to routine policy of the district attorney's office three months after Farias's conviction.

interpreted in TEX.CODE CRIM. P. ANN. art.11.09 (Vernon 1977). However, the trial court acknowledged an apparent dispute in the courts of appeals on the issue and proceeded to hold a full evidentiary hearing on the merits of Farias's application. At the conclusion of the hearing, the trial court denied the writ as a matter of law and also on the ground that Farias failed to show ineffective assistance of counsel.

### Standard of Review

We accord almost total deference to the trial court's determination of the historical facts supported by the record and based on an evaluation of credibility and demeanor. *Ex parte Okere*, 56 S.W.3d 846, 854 (Tex.App.-Fort Worth 2001, pet. ref'd); *State v. Nkwocha*, 31 S.W.3d 817, 820 (Tex.App.-Dallas 2000, no pet.). The trial court's determination of legal issues not dependent on the resolution of disputed facts is reviewed *de novo*. *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex.Crim.App. 1999).

### Discussion

In his second issue, Farias claims the trial court erred in denying his application for writ of habeas corpus on the basis of no ineffective assistance of counsel. A defendant is, of course, entitled to reasonably effective assistance of counsel. *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim.App.1986). In order to prevail on such a claim, the defendant must show, by a preponderance of the evidence: (1) counsel's performance was deficient, that is, counsel's assistance fell below an objective standard of reasonableness; and (2) but for counsel's deficient performance, the result of the proceeding would have been

different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The apparent reasonableness of counsel's performance in this case varies depending on whether the account of the plea is given by Farias and his mother or former counsel, Coronado. The trial court was free to believe Coronado's account of the events and to disbelieve Farias and his mother. The testimony of Coronado is sufficient to support the trial court's decision to deny the writ of habeas corpus.[3] We overrule Farias's second issue.

### Conclusion

Because we hold the record supports the trial court's holding that Farias failed to show ineffective assistance of counsel, we affirm the judgment of the trial court denying the application for writ of habeas corpus.

Concurring opinion by: ALMA L. LÓPEZ, Justice.

ALMA L. LÓPEZ, Justice, concurring.

I concur with the majority's opinion and write only to address the trial court's erroneous statement of law that Farias was not entitled to seek habeas corpus relief because he was on community supervision at the time he filed his application. The majority's opinion does not address this issue despite the State's acknowledgment that under the circumstances presented Farias had the right to seek such relief.

An applicant on probation or community supervision is "confined" for purposes of seeking habeas corpus relief pursuant to

---

**3.** Because we affirm the trial court's judgment based on the record of the hearing, we need not reach Farias's first issue of whether the trial court erred in denying the writ because Farias was not entitled to file an application for writ of habeas corpus under the facts of this case. We note, however, the State, without conceding error, suggests the trial court may not have followed the most persuasive case law.

article 11.09 of the Texas Code of Criminal Procedure. *See Ex parte Okere,* 56 S.W.3d 846, 852 (Tex.App.-Fort Worth 2001, pet. ref'd). Where a term of probation limits the applicant's movement outside the county, the applicant is "confined." *See id.* at 853. On this issue, the instant case is indistinguishable from *Okere.* As a condition of his probation, Farias was to remain within Bexar County, Texas, unless given written permission to leave. Recently, the Texas Court of Criminal

> A writ of habeas corpus may be filed under Article 11.08 or 11.09 even though a person has not been finally convicted of an offense. Nothing prevents the probationer from filing an Article 11.08 or 11.09 writ application after the State has filed a motion to revoke, and nothing prevents the trial court from considering the application along with the State's motion to revoke probation.

*See Jordan v. State,* 54 S.W.3d 783, 786 (Tex.Crim.App.2001). In light of *Okere* and *Jordan,* there is no question that Farias was entitled to seek habeas corpus relief.