# NO. 12-14-00157-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF* | § | *APPEAL FROM THE* |
| | § | *COUNTY COURT AT LAW #1* |
| *D. A. B., A JUVENILE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

D.A.B. appeals from the denial of his postconviction writ of habeas corpus in which he contended that he was actually innocent. We affirm.

## BACKGROUND

In 2008, a jury found D.A.B., then sixteen years old, to have engaged in delinquent conduct, that is, aggravated robbery. The jury assessed a ten year determinate sentence. This court affirmed the conviction.[1] In 2010, D.A.B. was transferred from the Texas Youth Commission facility to the Texas Department of Criminal Justice, Institutional Division. In 2013, D.A.B. filed an application for writ of habeas corpus alleging new evidence of actual innocence and prosecutorial misconduct. He alleged that one of his co-defendants, Jermaine Johnson, signed a sworn affidavit asserting that, contrary to Johnson's trial testimony, D.A.B. was not involved in the robbery. Johnson also stated that the prosecutor promised him leniency in return for his testimony against D.A.B. although he committed the robbery with an individual named Debo, not D.A.B.

An evidentiary hearing was held on May 23, 2013, at which Johnson testified. Johnson explained that he was a member of the Hard Time Hustler Crips gang in Los Angeles. He said Debo came with him from California. He knew Debo for three or four years before moving but

---

[1] *In re D.A.B.*, No. 12-08-00406-CV, 2009 WL 2705882 (Tex. App.–Tyler Aug. 28, 2009, pet. denied) (mem. op.).

he does not know Debo's real name. At D.A.B.'s trial, he testified that D.A.B. was involved in the robbery so that his "Crip partner," Debo, would not get in trouble. He has not had any contact with Debo since his arrest. He testified that he and Debo, along with a third person, P.M., participated in the robbery while D.A.B. was asleep at P.M.'s house. He stated that D.A.B. did not hear the plan, agree to rob anyone, or get any of the money from the robbery.

The trial court filed findings of fact and conclusions of law on February 7, 2014, based on the record of D.A.B.'s trial and the testimony presented at the writ hearing. The court found that, after his arrest, Johnson had told police that he and Debo robbed the victim and Debo held the pistol. D.A.B. presented five witnesses who testified that they had, at different times in the past, seen an individual named Debo. D.A.B. testified that he went to P.M.'s house and smoked marihuana with P.M., Johnson, and Debo. Johnson and Debo asked P.M. and D.A.B. if they wanted to find someone to rob. D.A.B. testified that he said no and went to sleep.

The court concluded that Johnson's affidavit contains new, disputed factual evidence as to identity of the co-defendant, which is crucial evidence affecting the decision to be made by the appellate court. The court further concluded that Johnson's statements contained in his sworn affidavit and testimony are not true. The court concluded that D.A.B. failed to show by clear and convincing evidence that, given the newly discovered evidence of innocence in addition to the inculpatory evidence presented at trial, no reasonable juror would have convicted him. The court concluded that Johnson's statements contained in his sworn affidavit as to the issue of prosecutorial misconduct are not true and the prosecutor did not instruct Johnson in his testimony at trial. The court concluded that D.A.B. failed to show prosecutorial misconduct. The trial court denied the writ on June 18, 2014.

### ACTUAL INNOCENCE

In his sole issue, D.A.B. asserts that the trial court erred in denying his writ of habeas corpus. Specifically, he argues that he presented new evidence showing he is actually innocent of the aggravated robbery for which he was incarcerated.

### Applicable Law

An applicant for a writ of habeas corpus asserting a claim that his conviction should be overturned based on newly discovered evidence must present affirmative evidence of his innocence. *Ex parte Franklin*, 72 S.W.3d 671, 678 (Tex. Crim. App. 2002) (en banc). Further,

2

he must show by clear and convincing evidence that no reasonable fact finder would have convicted him in light of the newly discovered evidence. *Ex parte Navarijo*, 433 S.W.3d 558, 560 (Tex. Crim. App. 2014). The trial judge's job is not to review the fact finder's verdict, but to decide whether the newly discovered evidence would have convinced the fact finder of the applicant's innocence. *State v. Nkwocha*, 31 S.W.3d 817, 820 (Tex. App.–Dallas 2000, no pet.). The habeas court must examine the "newly discovered evidence" and determine whether the "new" evidence, when balanced against the "old" inculpatory evidence, unquestionably establishes the applicant's innocence. *Ex parte Thompson*, 153 S.W.3d 416, 417 (Tex. Crim. App. 2005) (en banc). Absent an abuse of discretion, we must affirm a habeas court's decision on whether to grant the relief requested in a habeas corpus application. *Ex parte Mello*, 355 S.W.3d 827, 832 (Tex. App.–Fort Worth 2011, pet. ref'd). Because the habeas court is in a better position to make determinations of credibility, we afford almost total deference to the habeas court's findings of fact and conclusions of law that are supported by the record. *Ex parte Thompson*, 153 S.W.3d at 417-18.

## Analysis

D.A.B.'s new evidence consisted of Johnson's affidavit and writ hearing testimony. In the affidavit, he stated that he lied when he previously testified that D.A.B. was involved in the robbery. At the hearing, he explained who Debo is and that he had implicated D.A.B. to protect Debo. He testified that D.A.B. did not participate in the robbery.

The habeas court balanced the new evidence with the following "old" inculpatory evidence. At trial, testimony showed that Johnson and someone called Debo committed the robbery. D.A.B. claimed he was not involved in the robbery and that Debo is another person. However, D.A.B. admitted that he was present at P.M.'s house before the robbery and that he heard his friends discuss committing a robbery. P.M.'s neighbor saw three young men run into P.M.'s house with one of them carrying a long gun. P.M.'s neighbor observed the house until the police surrounded it, and never saw anyone leave the house. When the police entered the house, only three individuals were in the house: D.A.B., Johnson, and P.M. Even though D.A.B. claimed to have been sleeping, he was sweating profusely as if he had been running when the police entered P.M.'s house only minutes after the robbery. The weapons used in the robbery and the money taken from the victim were found in P.M.'s house. Also, D.A.B. matched the basic description of the other robber given by the victim. Furthermore, P.M. testified that he

3

watched as D.A.B. and Johnson committed the robbery and that D.A.B. had a pistol during the robbery.

Here, the habeas court found that Johnson's evidence of D.A.B.'s innocence was not credible. We defer to that court's credibility determinations because there is support in the record. *See Ex parte Thompson*, 153 S.W.3d at 417-18. Considering the inculpatory evidence adduced at trial, D.A.B.'s new evidence does not unquestionably establish his actual innocence. *See Ex parte Navarijo*, 433 S.W.3d at 568. D.A.B. has not shown by clear and convincing evidence that no reasonable fact finder would have convicted him in light of Johnson's revised testimony. *Ex parte Franklin*, 72 S.W.3d at 678. The trial court did not abuse its discretion in denying D.A.B.'s writ of habeas corpus. We overrule D.A.B.'s sole issue.

## DISPOSITION

Having overruled D.A.B.'s sole issue, we ***affirm*** the trial court's order denying D.A.B.'s writ of habeas corpus.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered April 8, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 8, 2015**

**NO. 12-14-00157-CV**

**IN THE MATTER OF D. A. B., A JUVENILE**

Appeal from the County Court at Law No. 1
of Angelina County, Texas (Tr.Ct.No. JV-3647-AA)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below denying D.A.B.'s writ of habeas corpus **be in all things affirmed**, and that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*