

# NUMBER 13-14-00161-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JULIANE MYRA MINOR,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 105th District Court
### of Kleberg County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant Juliane Myra Minor appeals the trial court's denial of her application for

writ of habeas corpus alleging a double jeopardy violation.[1]  By one issue, Minor

---

[1] Pre-trial writs of habeas corpus are permitted in very limited circumstances.  *Ex parte Smith,* 178 S.W.3d 797, 801 (Tex. Crim. App. 2005).  Because Minor's double jeopardy issue, if meritorious, would

contends that the double jeopardy prohibitions of the United States Constitution and the Texas Constitution bar her prosecution for criminally negligent homicide following her citation under the Texas Transportation Code for "allowing an unlicensed juvenile to drive a motor vehicle." *See* TEX. PENAL CODE ANN. § 19.05 (West, Westlaw through 2015 R.S.); TEX. TRANSP. CODE ANN. § 521.458 (West, Westlaw through 2015 R.S.). We affirm.

## I.    BACKGROUND

It is undisputed that on June 1, 2012, Minor allowed her unlicensed sixteen-year-old son, whom we will refer to as B.C., to drive her Hummer H2. B.C. failed to control his speed while rounding a curve, veered into the opposite lane of travel, and struck Stephanie Butler's oncoming vehicle. Butler was eight months pregnant at the time of the collision, and her unborn child died as a result of accident-induced trauma.

Both B.C. and Minor received traffic citations following the accident. Minor was cited for permitting an unauthorized person to drive pursuant to the Texas Transportation Code. Minor paid a total of $120 dollars for a fine and associated court costs. Subsequently, Minor was indicted for criminally negligent homicide. The indictment alleged Minor caused the death of Butler's unborn child by allowing an unlicensed juvenile to drive a motor vehicle.

Minor filed a writ of habeas corpus in the trial court alleging that the prosecution for criminally negligent homicide constituted double jeopardy because she had previously been cited for allowing an unlicensed juvenile to drive a motor vehicle and had paid a fine.

bar prosecution, we have jurisdiction over this appeal. *See id.* (recognizing that "the denial of relief on a pretrial writ of habeas corpus may be appealed immediately").

The trial court denied Minor's application and determined that a citation for permitting an unauthorized person to drive was not a lesser-included offense of criminally negligent homicide. This interlocutory appeal followed.

## II. DOUBLE JEOPARDY

By her sole issue, Minor contends that the double jeopardy prohibitions in the federal and state Constitutions prevent her prosecution for criminally negligent homicide.

### A. Applicable Law and Standard of Review

The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, protects an accused against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense prosecuted in the same trial. *Brown v. Ohio*, 432 U.S. 161, 165 (1977); *Illinois v. Vitale,* 447 U.S. 410; 415–16 (1977); *Ex parte Amador*, 326 S.W.3d 202, 205 (Tex. Crim. App. 2010); *see Ervin v. State,* 991 S.W.2d 804, 806–07 (Tex. Crim. App. 1999) (distinguishing a "multiple prosecution" double jeopardy claim, in which a defendant had previously received a conviction for driving while intoxicated and was subsequently tried for involuntary manslaughter, from a "multiple punishment" double jeopardy claim in which multiple offenses were prosecuted in a single trial).

We apply a de novo standard of review when the trial court's decision to deny relief on a writ of habeas corpus involves a question of law. *See State v. Nkwocha*, 31 S.W.3d 817, 820 (Tex. App.—Dallas 2000, no pet.); *see also Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011). In analyzing a "multiple-prosecution" double jeopardy claim in

3

which two distinct statutory provisions are at issue, as in this case, we initially determine whether "each provision requires proof of a fact which the other does not." *See United States v. Dixon*, 509 U.S. 688, 697 (1993); *Blockburger v. United States,* 284 U.S. 299, 304 (1932) (applying a "same elements" test for purposes of double jeopardy). Under *Blockburger's* same-elements test, "lesser-included offenses are legally the same as a greater offense, and are wholly subsumed by the elements of the greater offense, unless the potential lesser-included offense requires proof of a fact not required to establish the greater offense." *Ex parte Castillo,* No. PD-0545-14, __S.W.3d__, 2015 WL 3486960, at *2 (Tex. Crim. App. June 3, 2015) (citing *Brown,* 432 U.S. at 168); *see also* TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West, Westlaw through 2015 R.S.) (providing the statutory framework by which we make a lesser-included offense determination).

We apply Texas law to determine if one offense is a lesser-included offense for double jeopardy purposes. *See generally Ex parte Watson,* 306 S.W.3d 259, 265 (Tex. Crim. App. 2009) (recognizing that *Hall v. State,* 225 S.W.3d 524, 535 (Tex. Crim. App. 2007) applies when performing a double jeopardy analysis). If we determine that the offense is legally a lesser-included offense, we then look at the evidence to determine if a true double jeopardy violation occurred. *See id.*

**B.    Discussion**

We begin our analysis under *Blockburger* and decide whether the two offenses are the same for purposes of double jeopardy. *See Blockburger,* 286 U.S. at 304. We do this by determining whether Minor's traffic citation pursuant to the transportation code is a lesser-included offense of criminally negligent homicide under the penal code. *See*

*Brown,* 432 U.S. at 165; *Blockburger,* 286 U.S. at 304; *Ex parte Watson,* 306 S.W.3d at 265.   Applying *Hall* in this double jeopardy context, we begin the lesser-included offense analysis by looking only to the statutory elements of criminally negligent homicide as modified by the allegations in the indictment.   *See* 225 S.W.3d at 536.   The indictment must either allege all of the elements of section 521.458 of the transportation code, or elements and facts from which all elements of a section 521.458 violation could be deduced.   *See State v. Meru,* 414 S.W.3d at 163 (Tex. Crim. App. 2013) ("The elements of the lesser-included offense do not have to be pleaded in the indictment if they can be deduced from facts alleged in the indictment.").

The indictment provides as follows:   "Juliane Myra Minor, defendant, on or about June 1, 2012, in Kleberg County, Texas, did then and there, by criminal negligence, cause the death of an individual, namely the unborn child of Stephanie Butler, by allowing an unlicensed juvenile to drive a motor vehicle."   *See* TEX. PENAL CODE ANN. § 19.05 (noting that a person commits the offense of criminally negligent homicide "if he causes the death of an individual by criminal negligence").   An offense under this section is a state jail felony.

Section 521.458 of the Texas Transportation Code provides the following:

(a)   A person may not knowingly permit or cause the person's child or ward who is under 18 years of age to operate a motor vehicle on a highway in violation of this chapter.

(b)   A person may not authorize or knowingly permit a motor vehicle owned by or under the control of the person to be operated on a highway by any person in violation of this chapter.

TEX. TRANSP. CODE ANN. § 521.458.

Comparing the statutory elements of criminally negligent homicide, as modified by Minor's indictment, with the elements of section 521.458 of the Texas Transportation Code, we ask: "Are the elements of the lesser offense established by proof of the same or less than all the facts required to establish the commission of the offense charged?" *See Hall,* 225 S.W.3d at 536 (citing TEX. CODE CRIM. PROC. ANN. art. 37.09(1)). The answer is that they are not. The facts required to prove the lesser offense under the transportation code include at least one fact that is not the same as, or less than, those required to establish criminally negligent homicide: the requirement that the violation be "knowingly" committed. *Compare* TEX. PENAL CODE ANN. § 19.05 *with* TEX. TRANSP. CODE ANN. § 521.458.

Moreover, even were we to consider the indictment's phrase "by allowing" to mean "knowingly," as used in the statute, the transportation code still requires proof of additional elements—i.e., that Minor let her "child or ward" drive the vehicle under section 521.458(a) or that the vehicle in question was "owned by" or "subject to" Minor's control under section 521.458(b). *See* TEX. TRANSP. CODE ANN. § 521.458; *Meru,* 414 S.W.3d 163. Therefore, the transportation code requires proof of B.C.'s relation to Minor under one section, and proof of Minor's degree of ownership or control over the subject vehicle under another.[2] *See* TEX. TRANSP. CODE ANN. § 521.458(a–b). We could not therefore deduce that if Minor is guilty as charged by the indictment, she is also guilty of the lesser-offense described in the transportation code. *See Meru,* 414 S.W.3d at 162–63.

Because a determination of Minor's traffic citation requires proof of more elements

---

[2] The traffic citation did not specify the subsection of the statute under which Minor was initially cited.

than required by her indictment for criminally negligent homicide, it cannot be a lesser-included offense pursuant to the Texas Code of Criminal Procedure or Texas case law. *See* TEX. CODE CRIM. PROC. ANN. art 39.07; *Meru,* 414 S.W.3d at 162–63; *Hall,* 225 S.W.3d at 536. Minor has not satisfied the *Blockburger* "same elements" test, and Minor's "multiple-prosecution" double jeopardy claim fails. *See Vitale,* 447 U.S. at 415–16; *Ex parte Watson,* 306 S.W.3d at 262–63; *Guzman,* 182 S.W.3d at 191–92.

We overrule Minor's sole issue on appeal.

### III. CONCLUSION

We affirm the trial court's denial of Minor's application for writ of habeas corpus.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of June, 2015.

7