pd-0997-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/10/2015 11:17:40 PM
Accepted 9/14/2015 3:29:13 PM
ABEL ACOSTA
CLERK

PD-0997-15

In the Court of Criminal Appeals of Texas

FILED IN
COURT OF CRIMINAL APPEALS

September 14, 2015

ABEL ACOSTA, CLERK

Juliane Myra Minor,
Petitioner

v.

The State of Texas,
Respondent

On review from the Thirteenth Court of Appeals
Case number 13-14-00161-CR

Petition for Discretionary Review

Franklin Bynum
Texas Bar Number 24069451
franklin@bynumlaw.net

Bynum Law Office PLLC
501 North Interstate 35
Austin, Texas 78702
(512) 887-3938

Counsel for Petitioner

IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| Appellant | Juliane Myra Minor<br>328 W. Santa Gertrudis A<br>Kingsville, Texas 78363 |
| Defense Counsel at Trial<br>and at the Court of Appeals | Nathan Fugate<br>201 E. Henrietta PO Box 1265<br>Kindsville, Texas 78363 |
| Prosecutor at Trial<br>and at the Court of Appeals | Kleburg County District Attorney<br>700 E. Kleburg Avenue<br>Kingsville, Texas 78363 |
| Judge Presiding at Trial | The Honorable Angelica Hernandez<br>105th District Court<br>700 E. Kleburg Avenue<br>Kingsville, Texas 78363 |
| Appellant's Counsel | Franklin Bynum<br>Bynum Law Office PLLC<br>2814 Hamilton Street<br>Houston, Texas 77004 |

TABLE OF CONTENTS

Identity of Parties and Counsel ....................................................................... 2

Table of Contents .......................................................................................... 3

Index of Authorities ....................................................................................... 4

Statement Regarding Oral Argument................................................................ 5

Statement of the Case.................................................................................... 5

Statement of Procedural History ..................................................................... 5

Questions Presented for Review ..................................................................... 5

Argument ..................................................................................................... 6

> **Question One:** Did the court of appeals commit error by performing an analysis of the elements of the offense of criminal negligence without considering the special pleading rules in cases alleging criminal negligence? ................................................................................................ 7

> **Question Two:** Was the court of appeals wrong to limit its analysis to only a *Blockburger* test?.................................................................................. 9

> **Question Three:** Does this case violate double jeopardy under the Texas Constitution? ...................................................................................... 10

Prayer ....................................................................................................... 10

Certificate of Compliance ............................................................................. 11

Certificate of Service ................................................................................... 11

Appendix A: The Opinion Below .................................................................... 12

## Index of Authorities

### Cases

*Ervin v. State*, 991 S.W.2d 804 (Tex. Crim. App. 1999)..............................................9

*Garfias v. State*, 424 S.W.3d 54 (Tex. Crim. App. 2014)..........................................9

*Minor v. State*, No. 13-14-00161-CR, 2015 WL 4523812, (Tex. App. June 25, 2015, no pet. h.). ........................................................................................ 5, 7, 8, 9

### Statutes

Tex. Code. Crim. Proc. Ann. art. 26.12 (West, WestlawNext through the end of the 84th Legislature). ........................................................................................ 8

Tex. Penal Code Ann. § 6.03  (West, WestlawNext through the end of the 84th Legislature). ........................................................................................ 8

### Treatises

41 George E. Dix and John M. Schmolesky, Criminal Practice and Procedure § 19:19 (3d ed.) ..............................................................................................7

41 George E. Dix and John M. Schmolesky, Criminal Practice and Procedure § 19:20 (3d ed.) ..............................................................................................10

## Statement Regarding Oral Argument

This is a complex issue that would benefit from a discussion among the Court and the parties.

## Statement of the Case

This case presents important issues regarding the extent of double jeopardy protection in Texas, under both the state and federal constitutions. The court of appeals conducted the *Blockburger* test on the elements of an offense in a way that does not properly address the peculiarities of criminal negligence. In addition, it failed to apply the *Ervin* factors, and failed to address the issue of whether double punishment in this case violates the Texas Constitution.

## Statement of Procedural History

A Kleburg County grand jury indicted Juliane Minor for criminally negligent homicide on August 23, 2012.[1] On January 9,2014, Ms. Minor filed a pretrial writ of habeas corpus on January 9, 2014, alleging multiple double jeopardy violations.[2] The district court denied relief on May 19, 2014.[3] The court of appeals affirmed on June 25, 2015.[4]

## Questions Presented for Review

**Question One:** Did the court of appeals commit error by performing an analysis of the

---

[1] (C.R. at 4)
[2] (C.R. at 5)
[3] (C.R. at 48)
[4] *Minor v. State*, No. 13-14-00161-CR, 2015 WL 4523812, (Tex. App. June 25, 2015, no pet. h.).

elements of the offense of criminal negligence without considering the special pleading rules in cases alleging criminal negligence?

**Question Two:** Was the court of appeals wrong to limit its analysis to only a *Blockburger* test?

**Question Three:** Does this case violate double jeopardy under the Texas Constitution?

## ARGUMENT

Juliana Myra Minor was charged and pleaded guilty to the misdemeanor offense of knowingly allowing her child to drive her car.[5] Months later, she was indicted for criminally negligent homicide by "allowing an unlicensed juvenile to drive a motor vehicle."

Ms. Minor filed a pre-trial writ alleging a double jeopardy violation under the Fifth and Fourteenth Amendments, and also Article I, § 14 of the Texas Constitution. The district court denied relief.

The court of appeals affirmed in an unpublished opinion that raises three critical questions that cut to the heart of unresolved issues regarding the extent of Due Process and double jeopardy protections.

Professor Dix identifies the problem: "Modern penal codes typically contain a proliferation of statutes with highly fragmented offenses

---

[5] *Id.* at *2.

that have the potential to trivialize the ancient double jeopardy protections in the United States and Texas constitutions."[6]

The petition should be granted because the court of appeals has decided an important question of state and federal law that continues to be addressed by the Court of Criminal Appeals, and because the case conflicts with this Court's rulings on double jeopardy.[7]

> **Question One:** Did the court of appeals commit error by performing an analysis of the elements of the offense of criminal negligence without considering the special pleading rules in cases alleging criminal negligence?

The court of appeals here began its analysis with the venerable *Blockburger* test, which strictly compares elements of offenses and if the lesser offense requires more or different proof then a proposed greater offense. If the greater offense lacks an element required by the lesser offense, then the greater–lesser relationship fails the test.[8]

The court of appeals applied the *Blockburger* test in the wrong way, without considering the special requirements for pleading offenses alleging criminal negligence. Article 21.15 requires that an indictment "allege, with reasonable certainty, the act or acts relied upon to constitute…criminal negligence, and in no event shall it be sufficient to allege

---

[6] 41 George E. Dix and John M. Schmolesky, Criminal Practice and Procedure § 19:19 (3d ed.)
[7] Tex. R. App. P. 66.3.
[8] *Minor*, WL 4523812 2015 at \*2 (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

7

merely that the accused, in committing the offense, acted…with criminal negligence."[9]

Criminal negligence is a more expansive concept than other mental states, and has multiple—virtually infinite—possibilities in every application. Notice, then, is critical in such cases, as evidenced by the strict pleading requirements for bringing such cases.

The court of appeals took fault with the lesser offense's requirement that a person act "knowingly," and said that criminally negligent homicide need not include proof that a person act knowingly.[10]

The problem is that criminal negligence absolutely requires knowledge. Knowledge is so central to criminal negligence that constructive knowledge under a reasonable person standard is authorized: criminal negligence occurs when a person "is aware or ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur."[11]

The court of appeals addressed this counterargument simply by saying that other elements are necessary as well: "that Minor let her 'child or ward' drive the vehicle…or that the vehicle in question was "owned by" or "subject to" Minor's control."[12]

---

[9] Tex. Code. Crim. Proc. Ann. art. 21.15 (West, WestlawNext through the end of the 84th Legislature).

[10] *Minor*, WL 4523812 2015 at *3 (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

[11]  Tex. Penal Code Ann. § 6.03 (West, WestlawNext through the end of the 84th Legislature).

[12] *Minor*, WL 4523812 2015 at *3.

However, those details also should have been analyzed in light of the nature criminal-negligence allegations, because the facts would be required to have been pleaded with specificity in the indictment.

The court of appels failed to consider the particularity of criminal negligence in its *Blockburger* analysis.

> **Question Two:** Was the court of appeals wrong to limit its analysis to only a *Blockburger* test?

Whether multiple punishments violate double jeopardy can be evaluated one of two ways: the "elements" approach or the "unit of prosecution" approach.[13] The "elements" anlaysis "is appropriate when the offenses in question come from different statutory sections."[14] The court of appeals employed the elements approach in this case.[15]

"The starting point of an 'elements' analysis in the multiple-punishments context is the *Blockburger* test" but the analysis does not end there:[16] the court of appeals must also apply the factors from *Ervin v. State*.[17]

Applying the *Ervin* factors would have extended the analysis beyond the rigid *Blockburger* test to take a greater view of how the two laws

---

[13] *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014).
[14] *Id.*
[15] *Minor*, WL 4523812 2015 at *3.
[16] *Garfias*, 424 S.W.3d at 58.
[17] 991 S.W.2d 804, 814 (Tex. Crim. App. 1999).

at issue relate to each other. The court of appeals failure to perform this analysis was error, and the case should be remanded with an opinion that reaffirms that the *Ervin* factors apply in multiple-punishment double jeopardy claims.

> **Question Three:** Does this case violate double jeopardy under the Texas Constitution?

Ms. Minor raised the argument that the Texas Constitution offers greater protection against double jeopardy at the trial court and the court of appeals.[18] But the opinion of the court of appeals does not address the State constitutional argument. This court should address the issue on the complete record before it.

Professor Dix identifies the problems of the current federal scheme and suggests that "Texas is free to adopt a rule that is more sensitively attuned to considerations that should control these issues."[19] And it should.

## Prayer

Juliane Myra Minor prays that this Honorable Court grant the petition and set this matter for briefing on the merits, or reverse the court of appeals per curium with instructions to issue another opinion.

---

[18] (C.R. at 5)
[19] 41 George E. Dix and John M. Schmolesky, Criminal Practice and Procedure § 19:20 (3d ed.)

## CERTIFICATE OF COMPLIANCE

The word-processing software used to write this brief reports its length as 1541 words before subtracting for any of the contents that may be excluded under Rule 9.4(i)(1).

## CERTIFICATE OF SERVICE

I provided this brief to the Kleberg County District Attorney by First Class Mail on September 11, 2015. I provided a copy to the State Prosecuting Attorney by electronic service simultaneously with electronic filing.

Respectfully,

/s/ Franklin Bynum

| | |
|---|---|
| Bynum Law Office PLLC | Franklin Bynum |
| 501 North Interstate 35 | Texas Bar Number 24069451 |
| Austin, Texas 78702 | franklin@bynumlaw.net |
| (512) 887-3938 | |

APPENDIX A: THE OPINION BELOW



# NUMBER 13-14-00161-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JULIANE MYRA MINOR,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

---

### On appeal from the 105th District Court
### of Kleberg County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant Juliane Myra Minor appeals the trial court's denial of her application for

writ of habeas corpus alleging a double jeopardy violation.[1]   By one issue, Minor

---

[1] Pre-trial writs of habeas corpus are permitted in very limited circumstances.   *Ex parte Smith,* 178 S.W.3d 797, 801 (Tex. Crim. App. 2005).   Because Minor's double jeopardy issue, if meritorious, would

contends that the double jeopardy prohibitions of the United States Constitution and the Texas Constitution bar her prosecution for criminally negligent homicide following her citation under the Texas Transportation Code for "allowing an unlicensed juvenile to drive a motor vehicle." *See* TEX. PENAL CODE ANN. § 19.05 (West, Westlaw through 2015 R.S.); TEX. TRANSP. CODE ANN. § 521.458 (West, Westlaw through 2015 R.S.). We affirm.

## I.    BACKGROUND

It is undisputed that on June 1, 2012, Minor allowed her unlicensed sixteen-year-old son, whom we will refer to as B.C., to drive her Hummer H2. B.C. failed to control his speed while rounding a curve, veered into the opposite lane of travel, and struck Stephanie Butler's oncoming vehicle. Butler was eight months pregnant at the time of the collision, and her unborn child died as a result of accident-induced trauma.

Both B.C. and Minor received traffic citations following the accident. Minor was cited for permitting an unauthorized person to drive pursuant to the Texas Transportation Code. Minor paid a total of $120 dollars for a fine and associated court costs. Subsequently, Minor was indicted for criminally negligent homicide. The indictment alleged Minor caused the death of Butler's unborn child by allowing an unlicensed juvenile to drive a motor vehicle.

Minor filed a writ of habeas corpus in the trial court alleging that the prosecution for criminally negligent homicide constituted double jeopardy because she had previously been cited for allowing an unlicensed juvenile to drive a motor vehicle and had paid a fine.

bar prosecution, we have jurisdiction over this appeal. *See id.* (recognizing that "the denial of relief on a pretrial writ of habeas corpus may be appealed immediately").

2

The trial court denied Minor's application and determined that a citation for permitting an unauthorized person to drive was not a lesser-included offense of criminally negligent homicide. This interlocutory appeal followed.

## II. DOUBLE JEOPARDY

By her sole issue, Minor contends that the double jeopardy prohibitions in the federal and state Constitutions prevent her prosecution for criminally negligent homicide.

### A. Applicable Law and Standard of Review

The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, protects an accused against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense prosecuted in the same trial. *Brown v. Ohio*, 432 U.S. 161, 165 (1977); *Illinois v. Vitale,* 447 U.S. 410; 415–16 (1977); *Ex parte Amador*, 326 S.W.3d 202, 205 (Tex. Crim. App. 2010); *see Ervin v. State,* 991 S.W.2d 804, 806–07 (Tex. Crim. App. 1999) (distinguishing a "multiple prosecution" double jeopardy claim, in which a defendant had previously received a conviction for driving while intoxicated and was subsequently tried for involuntary manslaughter, from a "multiple punishment" double jeopardy claim in which multiple offenses were prosecuted in a single trial).

We apply a de novo standard of review when the trial court's decision to deny relief on a writ of habeas corpus involves a question of law. *See State v. Nkwocha*, 31 S.W.3d 817, 820 (Tex. App.—Dallas 2000, no pet.); *see also Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011). In analyzing a "multiple-prosecution" double jeopardy claim in

3

which two distinct statutory provisions are at issue, as in this case, we initially determine whether "each provision requires proof of a fact which the other does not." *See United States v. Dixon*, 509 U.S. 688, 697 (1993); *Blockburger v. United States,* 284 U.S. 299, 304 (1932) (applying a "same elements" test for purposes of double jeopardy). Under *Blockburger's* same-elements test, "lesser-included offenses are legally the same as a greater offense, and are wholly subsumed by the elements of the greater offense, unless the potential lesser-included offense requires proof of a fact not required to establish the greater offense." *Ex parte Castillo,* No. PD-0545-14, __S.W.3d__, 2015 WL 3486960, at *2 (Tex. Crim. App. June 3, 2015) (citing *Brown,* 432 U.S. at 168); *see also* TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West, Westlaw through 2015 R.S.) (providing the statutory framework by which we make a lesser-included offense determination).

We apply Texas law to determine if one offense is a lesser-included offense for double jeopardy purposes. *See generally Ex parte Watson,* 306 S.W.3d 259, 265 (Tex. Crim. App. 2009) (recognizing that *Hall v. State,* 225 S.W.3d 524, 535 (Tex. Crim. App. 2007) applies when performing a double jeopardy analysis). If we determine that the offense is legally a lesser-included offense, we then look at the evidence to determine if a true double jeopardy violation occurred. *See id.*

## B.  Discussion

We begin our analysis under *Blockburger* and decide whether the two offenses are the same for purposes of double jeopardy. *See Blockburger,* 286 U.S. at 304. We do this by determining whether Minor's traffic citation pursuant to the transportation code is a lesser-included offense of criminally negligent homicide under the penal code. *See*

4

*Brown,* 432 U.S. at 165; *Blockburger,* 286 U.S. at 304; *Ex parte Watson,* 306 S.W.3d at 265. Applying *Hall* in this double jeopardy context, we begin the lesser-included offense analysis by looking only to the statutory elements of criminally negligent homicide as modified by the allegations in the indictment. *See* 225 S.W.3d at 536. The indictment must either allege all of the elements of section 521.458 of the transportation code, or elements and facts from which all elements of a section 521.458 violation could be deduced. *See State v. Meru,* 414 S.W.3d at 163 (Tex. Crim. App. 2013) ("The elements of the lesser-included offense do not have to be pleaded in the indictment if they can be deduced from facts alleged in the indictment.").

The indictment provides as follows: "Juliane Myra Minor, defendant, on or about June 1, 2012, in Kleberg County, Texas, did then and there, by criminal negligence, cause the death of an individual, namely the unborn child of Stephanie Butler, by allowing an unlicensed juvenile to drive a motor vehicle." *See* TEX. PENAL CODE ANN. § 19.05 (noting that a person commits the offense of criminally negligent homicide "if he causes the death of an individual by criminal negligence"). An offense under this section is a state jail felony.

Section 521.458 of the Texas Transportation Code provides the following:

(a) A person may not knowingly permit or cause the person's child or ward who is under 18 years of age to operate a motor vehicle on a highway in violation of this chapter.

(b) A person may not authorize or knowingly permit a motor vehicle owned by or under the control of the person to be operated on a highway by any person in violation of this chapter.

TEX. TRANSP. CODE ANN. § 521.458.

Comparing the statutory elements of criminally negligent homicide, as modified by Minor's indictment, with the elements of section 521.458 of the Texas Transportation Code, we ask: "Are the elements of the lesser offense established by proof of the same or less than all the facts required to establish the commission of the offense charged?" *See Hall,* 225 S.W.3d at 536 (citing TEX. CODE CRIM. PROC. ANN. art. 37.09(1)). The answer is that they are not. The facts required to prove the lesser offense under the transportation code include at least one fact that is not the same as, or less than, those required to establish criminally negligent homicide: the requirement that the violation be "knowingly" committed. *Compare* TEX. PENAL CODE ANN. § 19.05 *with* TEX. TRANSP. CODE ANN. § 521.458.

Moreover, even were we to consider the indictment's phrase "by allowing" to mean "knowingly," as used in the statute, the transportation code still requires proof of additional elements—i.e., that Minor let her "child or ward" drive the vehicle under section 521.458(a) or that the vehicle in question was "owned by" or "subject to" Minor's control under section 521.458(b). *See* TEX. TRANSP. CODE ANN. § 521.458; *Meru,* 414 S.W.3d 163. Therefore, the transportation code requires proof of B.C.'s relation to Minor under one section, and proof of Minor's degree of ownership or control over the subject vehicle under another.[2] *See* TEX. TRANSP. CODE ANN. § 521.458(a–b). We could not therefore deduce that if Minor is guilty as charged by the indictment, she is also guilty of the lesser-offense described in the transportation code. *See Meru,* 414 S.W.3d at 162–63.

Because a determination of Minor's traffic citation requires proof of more elements

---

[2] The traffic citation did not specify the subsection of the statute under which Minor was initially cited.

6

than required by her indictment for criminally negligent homicide, it cannot be a lesser-included offense pursuant to the Texas Code of Criminal Procedure or Texas case law. *See* TEX. CODE CRIM. PROC. ANN. art 39.07; *Meru,* 414 S.W.3d at 162–63; *Hall,* 225 S.W.3d at 536. Minor has not satisfied the *Blockburger* "same elements" test, and Minor's "multiple-prosecution" double jeopardy claim fails*. See Vitale,* 447 U.S. at 415–16; *Ex parte Watson,* 306 S.W.3d at 262–63; *Guzman,* 182 S.W.3d at 191–92.

We overrule Minor's sole issue on appeal.

### III.    CONCLUSION

We affirm the trial court's denial of Minor's application for writ of habeas corpus.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of June, 2015.

7